358 S.E.2d 808

**STATE of West Virginia ex rel. James SHAW and Russell Stonestreet**

v.

**The BOARD OF EDUCATION OF the COUNTY OF BRAXTON, etc.**

No. 17208.

Supreme Court of Appeals of West Virginia.

June 15, 1987.

Rehearing Denied July 16, 1987.

George M. Cooper, Sutton, for appellant.

James W. Douglas, P.A., Sutton, for appellee.

PER CURIAM:

This is an appeal from the award of a writ of mandamus in which the relators' motion for attorney's fees brought pursuant to W.Va.Code, 18A–4–8, was denied in part. The circuit court awarded each of the relators a sum of $500 to be applied against their attorney's fees. The relators

argue that the Braxton County Board of Education (Board) should pay the full amount of their attorney's fees.

In the underlying case, Messrs. Shaw and Stonestreet were represented by the same attorneys. They filed suit alleging that the Board had violated W.Va.Code, 18A–4–8a, relating to classification and minimum salary schedules for auxiliary and service personnel. Their specific contention was that over their objection, they were paid less than others with less seniority. The circuit court agreed with their position and awarded approximately $9,500 to Mr. Stonestreet and approximately $10,400 to Mr. Shaw.

Subsequently, both individuals moved for the payment of their attorney's fees under W.Va.Code, 18A–4–8, which, in pertinent part, provides: "Any board failing to comply with the provisions of this article may be compelled to do so by mandamus, and shall be liable to any party prevailing against the board for court costs and his reasonable attorney fee, as determined and established by the court." They claimed that they had an agreement with their attorneys to pay one-third of the amount each recovered and, consequently, asked that the Board pay these amounts. No itemized fee bill was presented.

The Board makes an initial argument that the Board's action was discretionary and consequently, the attorney's fees provisions of W.Va.Code, 18A–4–8, should not be applicable. We find no merit in this argument. The circuit court found that the Board had failed to comply with the classification and pay provisions of W.Va.Code, 18A–4–8a. This finding was made by an order entered January 27, 1983, and was appealed, but the appeal was refused on October 9, 1985. The circuit court's finding comports with the language of W.Va. Code, 18A–4–8, where attorney's fees are triggered if the Board is found to have failed "to comply with the provisions of this article." The argument that the Board's act was discretionary is essentially an attempt to overturn the circuit court's finding which was never appealed.

■ The Board also contends that we should read into the attorney's fee recovery statute that the conduct has to be vexatious, wanton, deliberate, and oppressive, citing *Richardson v. Town of Kimball,* 176 W.Va. 24, 340 S.E.2d 582 (1986); *Daily Gazette v. Canady,* 175 W.Va. 249, 332 S.E.2d 262 (1985); *Nelson v. W.Va. Public Employees Insurance Bd.,* 171 W.Va. 445, 300 S.E.2d 86 (1982). We decline to alter the plain language of the statute which imposes no such burden.

■ We agree with the relators that they should be able to recover their reasonable attorney's fees. However, as we pointed out in Syllabus Point 4 of *Aetna Casualty & Surety Co. v. Pitrolo,* 176 W.Va. 190, 342 S.E.2d 156 (1986), where a person is authorized to recover his reasonable attorney's fees from another party, the reasonableness of the fee is not determined by his fee arrangement with his attorney:

"Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

Because there is no record of the time spent and other factors stated in *Pitrolo,* we believe the circuit court erred in awarding the fees as it did and that a further hearing is necessary to develop these factors in order to determine what are rea-

sonable fees. The case is, therefore, reversed and remanded for further proceedings consistent with this opinion.

Reversed and Remanded.