540 S.E.2d 152

**Carolyn SMITH and Carolyn Jones, Appellants below, Appellants,**

v.

**WEST VIRGINIA DIVISION OF REHABILITATIVE SERVICES AND DIVISION OF PERSONNEL, Appellees below, Appellees.**

No. 27779.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 3, 2000.

Decided Oct. 26, 2000.

---

Henry M. Hills, III, Esq., Crandall, Pyles, Haviland & Turner, Logan, West Virginia, Attorney for Appellants.

Darrell V. McGraw, Jr., Esq., Attorney General, Donald L. Darling, Esq., Senior Deputy Attorney General, Charleston, West Virginia, Attorneys for Division of Personnel.

Robert M. Nunley, Esq., Employment Programs Litigation Unit, Charleston, West Virginia, Attorney for Division of Rehabilitative Services.

STARCHER, Justice:

In the instant case we hold that the default provisions of new language in the state employee grievance law apply to conduct that occurred after the effective date of the applicable statutory language.

## I.

### Facts & Background

The pertinent facts of the instant case are simple and undisputed. The appellants, Caro-

lyn Smith and Carolyn Jones, are employees of the appellee West Virginia Division of Rehabilitative Services and Division of Personnel. The appellants' job classifications are set by the appellee state personnel department. The appellants claimed, in grievances filed on October 22, 1997, that their employment positions had been improperly classified by the appellees. The appellants' grievances were consolidated for a Level III grievance hearing, before a grievance evaluator designated by the appellees.

The Level III hearing was held on June 5, 1998. Under the then-applicable provisions of *W.Va.Code,* 29–6A–4 [1988], the grievance evaluator was required to make a decision within 5 days of the hearing. And under the then-applicable provisions of *W.Va.Code,* 29–6A–3(a) [1988], the effect of the evaluator's failure to make a timely response was that the grievance was deemed denied and could proceed to the next level.

However, the parties agreed at the Level III hearing to extend the due date of the decision by the grievance evaluator to July 7, 1998.

On July 1, 1998, the following provision of *W.Va.Code,* 29–6A–3(a)(2) [1998] became effective:

> Any assertion by the employer that the filing of the grievance at level one was untimely shall be asserted by the employer on behalf of the employer at or before the level two hearing. *The grievant prevails by default if a grievance evaluator required to respond to a grievance at any level fails to make a required response in the time limits*[1] *required in this article, unless prevented from doing so directly as a result of sickness, injury, excusable neglect, unavoidable cause or fraud.* Within five days of the receipt of a written notice of the default, the employer may request a hearing before a level four hearing examiner for the purpose of showing that the remedy received by the prevailing grievant is contrary to law or clearly wrong. In making a determination regarding the remedy, the hearing examiner shall presume the employee prevailed on the merits

of the grievance and shall determine whether the remedy is contrary to law or clearly wrong in light of that presumption. If the examiner finds that the remedy is contrary to law, or clearly wrong, the examiner may modify the remedy to be granted to comply with the law and to make the grievant whole.

(Emphasis added.)

The record reflects that the grievance evaluator was aware that the default provisions embodied in the foregoing statute would be in effect on July 7, 1998, the agreed-upon decision due date.

The evaluator did not issue a decision by July 7, 1998. On August 5, 1998, the appellants asserted in a written notice to the appellees that the appellees had defaulted in the grievance, because the grievance evaluator had not issued a timely decision. On August 11, 1998, the appellees requested a Level IV hearing on the grievance. In an order dated November 19, 1998, a Level IV administrative law judge of the state Employees Grievance Board denied the appellants' request to declare an employer default, on the grounds that the statutory language was inapplicable. This decision by the ALJ was appealed by the appellants to circuit court. By order dated October 12, 1999, the ALJ's ruling was upheld by the Circuit Court of Kanawha County. The instant appeal followed.

## II.

### *Standard of Review*

The decisions of the circuit court and the administrative law judge were rulings strictly regarding matters of law. Our review, therefore, is *de novo.*

## III.

### *Discussion*

We have recently discussed at some length the provisions of our public employee grievance statutes that provide for defaults if employer-designated grievance evaluators do not make timely grievance decisions at the

---

1. The 5–day time limit for a Level III grievance response was unchanged by the 1998 legislation.

lower levels of the grievance process. *See Harmon v. Fayette County Board of Education*, 205 W.Va. 125, 516 S.E.2d 748 (1999); and *Hanlon v. Logan County Board of Education*, 201 W.Va. 305, 496 S.E.2d 447 (1997).

■ We need not reiterate our discussions in those cases—except to point out again the well-established principle of West Virginia law that:

> . . . if statutory construction [of school and other public employee personnel laws] is necessary and warranted, such construction should go in the direction of expanding or preserving employee protection, and not in the direction of limiting that protection. "School personnel regulations and laws are to be strictly construed *in favor of the employee*." Syllabus Point 1, *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979). (emphasis added).

(Emphasis added.) *Harmon v. Fayette County Board of Education*, 205 W.Va. 125, 134 n. 17, 516 S.E.2d 748, 757 n. 7 (1999).

In the instant case, the ALJ and the circuit court adopted the appellees' argument that the newly-enacted default provisions of *W.Va.Code*, 29–6A–3(a)(2) [1998] did not apply to the failure of the Level III grievance evaluator to issue a timely decision—because, argued the appellees, such an application of the statute would be "retroactive."

■ In adopting the appellees' position, the ALJ relied upon the case of *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996). In *Public Citizen*, we held that:

> Under West Virginia law, a statute that diminishes substantive rights or augments substantive liabilities should not be applied retroactively to events completed before the effective date of the statute (or the date of enactment if no separate effective date is stated) unless the statute provides explicitly for retroactive application. To be specific, this means that, unless expressly stated otherwise by the statute, such a statute will not apply to pending cases or cases filed subsequently based

upon facts completed before the statute's effective date. *In contrast, remedial and procedural provisions are applied normally to pending cases despite the absence of a clear statement of legislative intent to do so.* [FN 7] In these situations, the reliance interest that is the foundation of the interpretive principle limiting retroactive application is not engaged. But even here the procedural/substantive distinction is not talismanic. The test of the interpretive principle laid down by the United States Supreme Court in *Landgraf* is unitary. It is whether the "the new provision attaches new legal consequences to events completed before its enactment." *If a new procedural or remedial provision would, if applied in a pending case, attach a new legal consequence to a completed event, then it will not be applied in that case unless the Legislature has made clear its intention that it shall apply.*

> [FN 7] *We have provided that the general rule of prospective application may be relaxed for procedural or remedial statutes, and in cases where an amended statute incorporates common law that existed before the amendment to the statute.*

198 W.Va. at 334–335, 480 S.E.2d at 543–44 (citations omitted, emphasis added).

If we were to find that the full retroactivity analysis of *Public Citizen* applied to the facts of the instant case, we would have to address the question of whether, as a remedial and/or procedural statute, the default provision of *W.Va.Code* 29–6A–3(a)(2) [1998] should be applied retroactively in some cases.[2]

■ However, we do not need not to reach the retroactivity issue in the instant case. The appellants—by asserting that a default by the appellees arose from the appellees' failure to make a grievance response that was due on July 7, 1998—did not seek to "attach a new legal consequence to an event [that was] completed before" *W.Va.Code* 29–6A–3(a)(2) [1998]'s effective date. *Public Citizen, supra.*

---

2. For example, in cases where a grievance evaluator failed to make a timely grievance response that was due *before* the effective date of the

statute, but where the case remained pending *after* the statute came into effect.

Rather, in the instant case, the appellants sought to invoke the statutory consequences of an event—the employer's failure to issue a timely decision—that occurred a week *after* the new statute's effective date.[3] The retroactivity analysis of *Public Citizen* is not required under the facts of the instant case, because the new statute was already in effect at the time of the appellees' conduct.

We hold, therefore, that the default provisions of *W.Va.Code*, 29–6A–3(a)(2) [1998] apply to failures by grievance evaluators to make timely grievance responses where such failures occur after the effective date of the statute.

Based on the foregoing, the rulings of the ALJ and of the circuit court were erroneous. The ALJ should have granted the appellants' request to declare that the appellees were in default on the merits of the appellants' grievance, subject to the appellees' right to request review of the remedy to be awarded.[4]

### IV.

*Conclusion*

The circuit court's decision in the instant case is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.

---

**3.** *See Harmon, supra,* 205 W.Va. at 125 n. 12, 516 S.E.2d at 760 n. 12 ("the ... employer default was effective upon the expiration of the time for a response to the grievance—although subject to a Level IV hearing if requested by the Board within 5 days of a written notice of the default.").

**4.** In Syllabus Point 3 of *Hanlon, supra,* we held:

W. Va.Code § 18–29–3(a) (1992) (Repl.Vol. 1994) makes mandatory the time periods within which grievances by educational employees must be filed, heard, and decided. If a grievance evaluator does not comply with the hearing and decision time periods, and his/her inaction does not come within one of the enummerated statutory exceptions, "the grievant shall prevail by default."

(Citation omitted.)

There is no evidence that any of the statutory exceptions contained in *W.Va.Code*, 29–6A–3(a)(2) operated to preclude the entry of a default judgment for the appellants.

We held in Syllabus Point 4 of *Hanlon* that:

[i]n order to benefit from the "relief by default" provisions contained in W. Va.Code § 18–29–3(a) (1992) (Repl.Vol.1994), a grieved employee or his/her representative must raise the "relief by default" issue during the grievance proceedings as soon as the employee or · his/her representative becomes aware of such default.

The appellees have not contested the timeliness of the appellants' notice of default. It also should be noted that the grievance provisions at issue in *Hanlon* pertained specifically to educational employees, while the instant case focuses upon a grievance statute that applies to state employees in general.