582 S.E.2d 826

**Patricia WINES, Petitioner Below, Appellant**

v.

**JEFFERSON COUNTY BOARD OF EDUCATION, Respondent Below, Appellee.**

No. 30848.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 26, 2003.

Decided April 22, 2003.

Concurring and Dissenting Opinion of Justice Davis April 30, 2003.

John Everett Roush, Esq., West Virginia School Personnel Association, Charleston, for Appellant.

Howard E. Seufer, Jr., Esq., Gregory W. Bailey, Esq., Bowles Rice McDavid Graff & Love, Charleston, for Appellee.

PER CURIAM.

This case is before this Court on an appeal by Patricia Wines ("Appellant") from a December 17, 2001 Order of the Circuit Court of Kanawha County. The circuit court's order affirmed that portion of a July 9, 2001 decision by the West Virginia Education and State Employee's Grievance Board ("Grievance Board"), which denied the Appellant's grievance challenging her termination by the Board of Education of Jefferson County ("School Board") as a substitute service employee. The circuit court concluded the Appellant was given adequate notice of her unsatisfactory work performance but that her due process rights were violated by the School Board's failure to afford her a pre-termination hearing. The circuit court awarded the Appellant nominal damages in the amount of one dollar. It is from this Order that Appellant now appeals.

This Court has reviewed the petition for appeal, all matters of record and the briefs and arguments of counsel. For the reasons discussed herein, the order of the circuit court is affirmed, in part, reversed, in part, and remanded for proceedings consistent with this opinion.

## I.

### FACTS

The Appellant became employed by the School Board as a substitute custodian in August 1999. Beginning November 3, 1999, the School Board appointed her to a long-term substitute position at Jefferson High School. On January 19, 2000, the Appellant was placed on an improvement plan based upon an unsatisfactory evaluation of her work performance.[1] The Appellant's improvement plan was to run through June 30, 2000.

On or about February 2, 2000, the Appellant met with the Jefferson High School principal to discuss the improvement plan. During the meeting, the Appellant reacted negatively, telling the principal, "You're not worth my time." Based upon this insubordinate comment, the School Board superintendent recommended to the School Board that the Appellant be terminated from her employment as a substitute custodian at Jefferson High School.

By letter dated February 17, 2000, the superintendent advised Appellant of his recommendation and that "[u]ntil that time, you will remain suspended with pay. The recommendation to terminate your contract will be made at a meeting of the [School Board] on Tuesday, March 7, 2000 at 7:30 PM.... You may request a hearing before the [School Board] and may have representation at your expense. If you plan to request a hearing,

---

[1]. The Appellant's unsatisfactory work performance at Jefferson High School included her failure to complete work assignments and to follow the assigned work schedule.

please do so by contacting my office on or before noon on Tuesday, February 29, 2000." According to the record in the instant case, the School Board took no action on the superintendent's recommendation of termination on March 7, 2000. An evidentiary hearing was conducted on April 7, 2000. After reviewing all the evidence, the School Board declined to follow the superintendent's recommendation of termination but instead, suspended the Appellant, without pay, for ten days.

In the meantime, the School Board appointed the Appellant to a long-term substitute custodian position at Shepherdstown Elementary School, beginning May 2, 2000. The Appellant was aware that the improvement plan previously imposed upon her by the School Board during her assignment at Jefferson High School was still in effect when she began employment at Shepherdstown Elementary School.

The principal at Shepherdstown Elementary School, Suzanne Offutt, gave the Appellant a detailed written work schedule. Between May 25, 2000 and July 5, 2000, Principal Offutt received several complaints from other Shepherdstown Elementary School employees about particular instances in which the Appellant's work performance was less than satisfactory.[2] In addition to these reported deficiencies, Principal Offutt personally observed specific problems with the Appellant's custodial work, which she discussed with the Appellant on or about May 30, 2000. At the same time, Principal Offutt offered Appellant help and support. Although Appellant appeared receptive to Principal Offutt's advice, in Principal Offutt's opinion, Appellant's work performance did not improve.

In early June 2000, another custodian, Mr. Lemon, gave Appellant written instructions concerning the cleaning and waxing of classroom floors. Appellant, who had never been trained to wax the floors, apparently misunderstood Mr. Lemon's instructions and, as a result, did not properly clean and wax the classrooms. Principal Offutt discussed this matter with Appellant. Thereafter, on June 21, 2000, Appellant left the school building unsecured and the following day, she left cleanser on two large areas on the building floor and left scrub buckets full of water with mops in them overnight. Principal Offutt discussed these incidents with Appellant at or near the time each occurred. Again, Principal Offutt's advice to Appellant regarding how to satisfactorily perform her job appeared to be well-received. However, Principal Offutt did not observe any improvement in Appellant's job performance.

On July 3, 2000, Appellant was injured while mowing grass at Shepherdstown Elementary School. As a result of her injury, Appellant received workers' compensation benefits and, due to her injury, was not scheduled to return to work until sometime in October.

Principal Offutt had completed an evaluation of Appellant's work performance on June 30, 2000, before Appellant sustained her injury. The evaluation indicated Appellant failed to meet the responsibilities and performance standards for her job in eleven evaluation areas, while satisfying the responsibilities and performance standards in two evaluation areas. Principal Offutt also indicated on the evaluation that Appellant had not met the job requirements and had not successfully completed her improvement plan. On July 27, 2000, Principal Offutt discussed the evaluation with Appellant, who signed the evaluation but indicated she disagreed with it.

In the meantime, in a letter dated July 14, 2000, from Principal Offutt to School Board superintendent David Markoe, Principal Offutt recounted, in detail, the various problems she had been having with Appellant, including poor working skills and work habits and a poor attitude towards co-workers. In the letter, Principal Offutt indicated her belief that Appellant would not be able to succeed as a substitute custodian at Shepherdstown Elementary School. On or about July

2. For example, Appellant failed to clean a bathroom mess left by a student; left large spots of dirt in the hallway; and obviously failed to sweep classrooms and vacuum offices. Appellant also left open a bathroom window and left on several air conditioning units. Principal Offutt notified Appellant of these complaints.

24, 2000, Principal Offutt forwarded to Appellant a copy of her July 14, 2000 correspondence to Superintendent Markoe.

By letter dated October 27, 2000, Gerry R. Sokol, Assistant Superintendent of Jefferson County Schools, advised Appellant that, based upon her unsatisfactory work performance since her initial employment assignment with Jefferson County schools, he was recommending to Superintendent Markoe that her employment be terminated. Although the School Board had afforded Appellant the opportunity to be heard before it acted on the recommendation of termination in the previous disciplinary matter at Jefferson High School, it is undisputed that Appellant was not advised of her right to such a hearing before the School Board in the instant case.

A regular meeting of the School Board was scheduled for November 8, 2000. Prior to that meeting, Appellant's counsel advised Superintendent Markoe that, due to a scheduling conflict, he would be unable to attend that meeting and offered several alternate dates when he would be available to represent Appellant's interests in the instant disciplinary matter. Despite Appellant's counsel's clear request to be present, and despite the absence of both Appellant and her counsel at the November 8, 2000 meeting, the School Board acted on the superintendent's recommendation of termination and voted to remove Appellant from the substitute custodian list effective immediately.[3] By letter dated November 9, 2000, the School Board notified Appellant of its action.

A post-termination evidentiary hearing was conducted on December 7, 2000, during a Special Session of the School Board. At the conclusion of the hearing, the School Board voted to uphold the superintendent's recommendation and the motion made at the November 8, 2000 meeting, to terminate Appellant's employment as a substitute custodian.

Thereafter, on May 15, 2001, a Level IV hearing was conducted before the Grievance Board. In a Decision entered July 9, 2001, the Administrative Law Judge found that the School Board's failure to provide Appellant with proper notice and a hearing prior to her termination, as required by *W.Va.Code* § 18A–2–8, violated Appellant's procedural due process rights. However, the Grievance Board concluded that the evidence presented proved the procedural violation was "harmless error" because Appellant received a hearing and opportunity to respond to the charges against her one month after she was dismissed.

Appellant appealed the Grievance Board Decision to the Circuit Court of Kanawha County. *See W.Va.Code* § 18–29–7. In that appeal, Appellant argued that the Grievance Board erred in determining that the School Board's failure to provide Appellant with notice and a hearing prior to her termination was harmless error. Appellant argued further that the Grievance Board erred in holding the School Board complied with the requirements of 126 C.S.R. § 141–2.6, otherwise known as West Virginia Board of Education Policy No. 5300 which, *inter alia*, entitles an employee to the right to know how well she is performing her job and affords her the opportunity to improve her job performance before her employment is terminated.

In an Opinion Order filed December 17, 2001, the circuit court concluded that Appellant was given proper notice as to the reasons for her termination, but that her procedural due process rights were violated when the School Board failed to afford her a pretermination hearing, pursuant to *W.Va.Code* § 18A–2–8. The circuit court awarded Appellant the nominal sum of one dollar in damages for this due process violation.

## II.

### STANDARD OF REVIEW

It is well settled that "[a] final order of the hearing examiner for the West Virginia Education and State Employees Grievance Board, made pursuant to *W.Va. Code* 29–6A–1, *et seq.* [1988], and based upon

---

**3.** According to the School Board, its vote to terminate Appellant's employment was made in a summary fashion, as the vote also operated to terminate the employment of another school service employee who was retiring.

findings of fact, should not be reversed unless clearly wrong." Syllabus, *Quinn v. W.Va. Northern Community College,* 197 W.Va. 313, 475 S.E.2d 405 (1996). Furthermore, "[a]lthough we accord great deference to the findings of fact of the West Virginia Educational Employees Grievance Board,[4] we review, *de novo,* questions of law." Syl. pt. 2, *Maikotter v. Univ. of W.Va. Bd. of Trustees,* 206 W.Va. 691, 527 S.E.2d 802 (1999) (footnote added). It is with these legal principles in mind that we consider the instant appeal.

### III.

### DISCUSSION

#### A.

█ The first issue for our review is whether the School Board afforded Appellant proper notice of her unsatisfactory performance, in compliance with 126 C.S.R. § 141-2.6, commonly referred to as West Virginia Board of Education Policy No. 5300 (Policy No. 5300), which provides:

> Every employee is entitled to know how well he/she is performing his/her job, and should be offered the opportunity of open and honest evaluation of his/her performance on a regular basis. Any decision concerning promotion, demotion, transfer or termination of employment should be based upon such evaluation, and not upon factors extraneous thereto. Every employee is entitled to the opportunity of improving his/her job performance, prior to the terminating or transferring of his/her services, and can only do so with the assistance of regular evaluation.

Additionally, pursuant to *Board of Educ. of Mercer County v. Wirt,* 192 W.Va. 568, 453 S.E.2d 402 (1994), the due process requirements of *W.Va.Code* § 18A-2-8 require that Appellant be afforded written notice of the charges, an explanation of the evidence and an opportunity to respond before the School Board decides to terminate her employment. *Id.,* at syl. pt. 3, in pertinent part.

In essence, Appellant maintains Principal Offutt's manner of constructively criticizing her work performance led Appellant to believe her work was progressing satisfactorily. Thus, according to Appellant, she was not apprised of Principal Offutt's dissatisfaction with her work performance, as required by Policy No. 5300 and *W.Va.Code* § 18A-2-8. *See Wirt, supra.*

We cannot agree with Appellant's position. A review of the record reveals that Appellant was repeatedly advised that her work performance was viewed by other employees and Principal Offutt as unsatisfactory. Appellant was placed on an improvement plan while she was employed at Jefferson High School. That improvement plan remained in effect when she began her assignment at Shepherdstown Elementary School, a fact of which Appellant was obviously aware. While Appellant was on the improvement plan, Principal Offutt personally observed deficiencies in Appellant's work performance and also received various complaints about it, including Appellant's failure to clean a bathroom mess left by a student and failure to properly clean and wax floors. Appellant also left a building window open and air conditioning units on and the school building itself unlocked. Principal Offutt discussed these incidents with Appellant at or near the time each occurred. Principal Offutt also offered Appellant help and support, including advice on how to better perform her work. Principal Offutt's kind concern for her employee aside, it is beyond cavil that Appellant was aware that her work performance was not being viewed favorably. Thus, we hold Appellant was afforded proper notice of her unsatisfactory work performance and that, accordingly, the School Board complied with the requirements of Policy No. 5300 and *W.Va.Code* § 18A-2-8. *See Wirt, supra.*

#### B.

The second issue before this Court concerns the School Board's failure to afford Appellant a hearing before it acted on the superintendent's recommendation that her employment be terminated. As indicated

---

**4.** The West Virginia Education Employees Grievance Board has been renamed the Education and State Employees Grievance Board. *See W.Va. Code* § 29-6A-5(a) (1998).

above, in a prior disciplinary matter involving Appellant, the superintendent recommended to the School Board that Appellant's employment be terminated for insubordinate conduct while she was working as a substitute custodian at Jefferson High School. In that case, the School Board notified Appellant that she could request a hearing and, in fact, afforded her the opportunity to be heard before it took any action on the superintendent's recommendation. An evidentiary hearing was conducted, after which the School Board voted *not* to terminate Appellant's employment as a substitute custodian. In lieu of termination, the School Board suspended Appellant for ten days, without pay.

In sharp contrast, in the instant case, when Appellant was advised that a recommendation of termination was being made to the School Board, her counsel notified the School Board that he represented Appellant's interests but would be unable to attend the November 8, 2000 meeting. Appellant's counsel offered specific alternate dates near in time to November 8th when he could be present. Inexplicably, the School Board declined to accommodate Appellant's counsel's schedule and to afford Appellant the opportunity to be heard before taking action on the superintendent's recommendation that her employment at Shepherdstown Elementary School be terminated. Consequently, the remaining issue in this appeal involves the School Board's violation of Appellant's procedural due process rights, as provided for in *W.Va.Code* § 18A-4-15 and 18A-2-8.

█ It is well established that " '[s]chool personnel regulations and laws are to be strictly construed in favor of the employee.' Syllabus Point 1, *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979)." Syl. pt. 1, *Smith v. W.Va. Div. of Rehab. Services*, 208 W.Va. 284, 540 S.E.2d 152 (2000). *W.Va. Code*, § 18-4-15(g) provides:

Substitute service employees who have worked thirty days for a school system shall have all rights pertaining to suspension, dismissal and contract renewal as is granted to regular service personnel in ... [§§ 18A-2-6, 18A-2-7, 18A-2-8 and 18A-2-8a][.]

█ It is undisputed that Appellant worked more than thirty days for the School Board, having begun her employment as a substitute custodian sometime in August 1999. Pursuant to *W.Va.Code* § 18A-2-15(g), therefore, Appellant is entitled to those rights pertaining to dismissal as are granted regular service personnel under the statutory provisions enumerated therein.

Applicable to the instant case is *W.Va.Code* § 18A-2-8, which provides, in pertinent part:

Notwithstanding any other provisions of law, a board may suspend or dismiss any person in its employment at any time for: Immorality, incompetency, cruelty, insubordination, intemperance, willful neglect of duty, unsatisfactory performance, the conviction of a felony or a guilty plea or a plea of nolo contendere to a felony charge. A charge of unsatisfactory performance shall not be made except as the result of an employee performance evaluation pursuant to section twelve of this article. The charges shall be stated in writing [and] served upon the employee within two days of presentation of said charges to the board. The employee so affected shall be given an opportunity, within five days of receiving such written notice, to request, in writing, a level four hearing and appeals pursuant to ... [§§ 18-29-1 et seq.] [.]

█ As indicated above, under *Wirt, supra*, the due process requirements of *W.Va. Code* § 18A-2-8 require that, in addition to the notice of charges, Appellant must be afforded an opportunity to respond before the School Board decides to terminate her employment. *Id.*, at syl. pt. 3, in pertinent part. The School Board honored these requirements when it disciplined Appellant while she was employed at Jefferson High School, advising her of her right to a hearing and, appropriately so, taking no action on the superintendent's recommendation of termination until a hearing was conducted. Indeed, following the hearing, the School Board voted not to terminate Appellant's employment as a substitute custodian at Jefferson High School.

The School Board should have acted in precisely this manner in the instant case. It should have taken no action on the superin-

tendent's recommendation that Appellant's employment at Shepherdstown Elementary School be terminated until such time as Appellant or her counsel could be present, as they clearly requested before the November 8, 2000 School Board meeting. As this Court observed in *Wirt*, " 'affording the employee an opportunity to respond prior to termination would impose neither a significant administrative burden nor intolerable delays.' " *Id*, 192 W.Va. at 575, 453 S.E.2d at 409 (*quoting Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532, 544, 105 S.Ct. 1487, 1494–95, 84 L.Ed.2d 494, 505 (1985)). Given that a post-termination hearing was conducted one month later, it is apparent that allowing Appellant to be heard *prior* to the School Board's vote of termination on November 8, 2000, would have imposed neither an administrative burden nor an intolerable delay. It is not at all clear why the School Board honored Appellant's due process rights in one disciplinary action, but treated these rights as an afterthought in the instant proceeding.

■ This Court does not view this violation as "harmless error," as did the Grievance Board, nor is the nominal sum of one dollar in damages sufficient, as the circuit court concluded. While the Court recognizes Appellant's work performance left much to be desired and her termination for unsatisfactory performance was ultimately justified, we cannot condone the School Board's impertinent disregard of Appellant's right to be heard *before* it discharged her from its employ. As suggested above, it is not insignificant that Appellant requested a hearing before the School Board acted on the recommendation of termination, and that her request was effectively rebuffed when the School Board declined to accommodate her lawyer's schedule and held the vote in their absence. It is also meaningful that, only months earlier, the School Board conducted a pre-termination hearing in another disciplinary matter involving Appellant.[5]

Accordingly, we reverse the circuit court's nominal damage award of one dollar and

direct, instead, that Appellant be awarded back pay for the period between the effective date of her dismissal, November 8, 2000, and the date of her December 7, 2000 hearing before the School Board, when her employment was terminated.

Finally, we find that the School Board's violation of Appellant's due process rights entitles her to an award of attorneys fees in the amount of $2,000.00, as authorized by *W.Va.Code*, § 18A–2–11.

## IV.

### CONCLUSION

For the reasons stated herein, to the extent the December 14, 2001 Order of the Circuit Court of Kanawha County concluded that Appellant received proper notice as to the reasons for her termination, that portion of the circuit court's order is affirmed. Likewise, the circuit court's conclusion that Appellant's procedural due process rights were violated when the School Board failed to afford her a pre-termination hearing is also affirmed. However, the circuit court's conclusion that Appellant is entitled to a nominal damage award of one dollar is reversed, and this case is remanded to the circuit court for a determination of back pay as set forth in this opinion. Finally, the circuit court is directed to enter an award of attorneys fees in favor of Appellant, in the amount of $2,000.00. *See W.Va.Code*, § 18A–2–11.

Affirmed, in part, reversed, in part, and remanded with directions.

DAVIS, J., concurring, in part, and dissenting, in part.

(Filed April 30, 2003)

In this proceeding, the majority opinion concluded that the circuit court committed error in awarding the appellant, Patricia Wines (hereinafter referred to as "Ms. Wines"), only one dollar as nominal damages. Consequently, the majority opinion has reversed and remanded this issue, concluding that an award of backpay is a more appropri-

---

**5.** Relying on *Barazi v. W.Va. State College*, 201 W.Va. 527, 498 S.E.2d 720 (1997), the School Board argues the nominal damages award should be sustained because Appellant was justifiably terminated. We believe the facts of the instant case mandate a different result.

ate measure of Ms. Wines' damages. As to this issue, I wholeheartedly concur in the majority decision. Further, the majority opinion has directed the circuit court to award Ms. Wines attorney's fees in the amount of $2,000.00. Insofar far as that portion of an award for attorney's fees is attributed to the appeal before this Court, I concur. However, to the extent that part of the attorney's fee award is attributed to work performed at the administrative level and in the circuit court, I dissent.

### The Circuit Court Has Exclusive Jurisdiction to Make an Initial Determination of Attorney's Fees for Work Performed Prior to Appeal

Ms. Wines has requested attorney's fees in her prayer for relief. The majority opinion granted that request and instructed the circuit court to enter an award of $2,000.00 for attorney's fees. The source of authority relied upon by the majority opinion for making an award of attorney's fees is W. Va.Code § 18A–2–11 (1985) (Repl.Vol.2001). Pursuant to that statute, Ms. Wines was entitled to receive attorney's fees for work performed in the administrative proceeding and Circuit court in an amount that did not exceed $1,000.00. Additionally, the statute allowed Ms. Wines to obtain attorney's fees for work performed before this Court in an amount that did not exceed $ 1,000.00.[1] The majority opinion combined the maximum fees allowed under W. Va.Code § 18A–2–11 and instructed the circuit court to award such amount.

Although I question the majority's decision to award Ms. Wines $1,000.00 for work performed in the appeal to this Court, without any showing of hours actually spent prose-

cuting the appeal, I will not dissent from the discretionary determination by this Court. However, I strongly disagree with the majority's decision to compel the circuit court to award Ms. Wines $1,000.00 for work performed at the administrative level and in front of the circuit court.

Our cases have clearly demonstrated that an award of attorney's fees for work performed at the administrative level and before the circuit court, must initially be determined by the circuit court. Indeed, this Court held in *Weimer–Godwin v. Board of Education of Upshur County*, 179 W.Va. 423, 429, 369 S.E.2d 726, 732 (1988), that "before the circuit court can set the amount of reasonable attorney's fees to be recovered ..., [the employee's] attorneys must submit to the circuit court an itemized attorney-fee bill and develop at a hearing the reasonableness of the same under the factors set forth in syllabus point 4 of *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156 (1986)." (Additional citation omitted). *Accord State ex rel. Shaw v. Board of Educ. of Braxton County*, 178 W.Va. 247, 248–49, 358 S.E.2d 808, 809–10 (1987) ("Because there is no record of the time spent and other factors stated in *Pitrolo*, we believe the circuit court erred in awarding the fees as it did and that a further hearing is necessary to develop these factors in order to determine what are reasonable fees.").

In the case *sub judice* there has been no *Pitrolo* hearing in the circuit court. Without such a hearing, this Court does not have jurisdiction to *sua sponte* award Ms. Wines $1,000.00 for work performed in the lower tribunals. "For the majority to *sua sponte* order the trial court to award attorney fees,

---

1. W.Va.Code § 18A-2-11 (1985) (Repl.Vol.2001) states in full:

   If an employee shall appeal to a circuit court an adverse decision of either a county board of education or of a hearing examiner rendered in a grievance or other proceeding pursuant to provisions of chapters eighteen and eighteen-a [§§ 18-1-1 *et seq.* and 18A-1-1 *et seq.*]of this code and such person shall substantially prevail, the adverse party or parties shall be liable to such employee, upon final judgment or order, for court costs, and for reasonable attorney's fees, to be set by the court, for representing such employee in all administrative hearings and before the circuit court and the supreme court of appeals, and

shall be further liable to such employee for any court reporter's costs incurred during any such administrative hearings or court proceedings: Provided, That in no event shall such attorney's fees be awarded in excess of a total of one thousand dollars for the administrative hearings and circuit court proceedings nor an additional one thousand dollars for supreme court proceedings: Provided, however, That the requirements of this section shall not be construed to limit the school employee's right to recover reasonable attorney's fees in a mandamus proceeding brought under section eight [§ 18A-4-8] article four, chapter eighteen-a of this code.

388

when neither notice nor opportunity to be heard was afforded to [the Jefferson County Board of Education] on the issue, is a fundamental violation of state and federal due process guarantees." *Maikotter v. University of West Virginia Bd. of Trustees/West Virginia University,* 206 W.Va. 691, 697, 527 S.E.2d 802, 808 (1999) (Davis, J., concurring and dissenting) (citations omitted). As I stated in my separate opinion in *Maikotter:*

> Due process is not a new principle. Due process is an old and faithful doctrine embedded in the constitution of this state. Additionally, its aged protection reaches back to the ratification of the nation's constitution. Due process is one of the cornerstone legal principles that separates Anglo–American jurisprudence from many foreign third world legal systems that pay lip service to the idea of notice and an opportunity to be heard. Unfortunately, in this opinion the majority has chosen to disregard an aged and deeply rooted principle in our legal system.

*Id., Maikotter,* 206 W.Va. at 698, 527 S.E.2d at 809 (internal citations omitted).

For the reasons so stated, I respectfully concur, in part, and dissent, in part. I am authorized to state that Justice MAYNARD joins me in this concurring, in part, and dissenting, in part, opinion.