614 S.E.2d 712

Cynthia **STANLEY**, Lexie Redden, Jerry L. Payne, David Kinder, George Cremeans, Mary Sue Catlett, and William Annon, Petitioners Below, Appellees

v.

The DEPARTMENT OF TAX AND REVENUE and the Division of Personnel, Respondents Below,

The Department of Tax and Revenue, Appellants.

Constance Buffey, Petitioner Below, Appellant

v.

Harrison County Board of Education, Respondent Below, Appellee.

Shirley Crock and Grace Washington, Petitioners Below, Appellants

v.

Harrison County Board of Education, Respondent Below, Appellee.

Nos. 31859, 31868, 31944.

Supreme Court of Appeals of West Virginia.

Submitted April 6, 2005.

Decided May 26, 2005.

James P. McHugh, Barrett, Chafin, Lowry, Amos & McHugh, Charleston, for Cynthia Stanley, Lexie Redden, Jerry L. Payne, David Kinder, George Cremeans, Mary Sue Catlett, and William Annon.

Barbara Evans Fleischauer, Morgantown, for Constance Buffey.

Amy M. Smith, Nancy W. Brown, Steptoe & Johnson, Clarksburg, for Harrison County Board of Education.

Kathleen Abate, Cohen, Abate & Cohen, Morgantown, for Shirley Crock and Grace Washington.

Charles F. Donnelly, Donnelly, Carbone & Kettler, Charleston, Amici Curiae for the West Virginia Federation of Teachers, AFL–CIO and American Federation of State, County and Municipal Employees Council 77.

Darrell V. McGraw, Jr., Attorney General, John S. Dalporto, Senior Assistant Attorney General, Charleston, for The Department of Tax and Revenue.

Karen O'Sullivan Thornton, Assistant Attorney General, Amicus Curiae for the West Virginia Division of Personnel.

B. Allen Campbell, Senior Assistant Attorney General, Amicus Curiae for the West Virginia Division of Health and Human Resources.

Paul T. Ferrell, Jr., Wilson, Frame, Benninger & Metheney, Morgantown, Amicus Curiae for the West Virginia Trial Lawyers Association.

William B. McGinley, Charleston, Amicus Curiae for the West Virginia Education Association.

STARCHER, J.:

In the instant case, we affirm one circuit court's decision regarding attorney fee awards in public employee grievances; we reverse another circuit court's decision in two other public employee grievance attorney fee award cases.

## I.

### Facts & Background

The instant case combines three appeals from the lower courts.

In Case No. 31859, the appellants are the West Virginia Department of Tax and Revenue and the West Virginia Division of Personnel. They appeal from a Kanawha Coun-

ty Circuit Court order requiring them to pay $10,500.00 in attorney fees ($1,500.00 per employee) to the appellees, seven Tax Department employees ("the tax employees") who prevailed in a circuit court employment grievance case whose procedures are governed by the provisions of *W.Va.Code*, 29-6A-1 *et seq.* This section prescribes grievance procedures for State employee grievances (but not county school board employees). The Tax Department argues that *W.Va.Code*, 29-6A-10 [1998] authorizes a total maximum attorney fee award to the employees of only $1,500.00.

In Cases Nos. 31868 and 31944, the appellants are several Harrison County School Board employees ("the school employees") who prevailed in two separate employment grievances; the Harrison County School Board is the appellee. School Board employee grievance law is generally set forth in *W.Va.Code*, 18-29-1, *et seq.* In both cases, the Harrison County Circuit Court held that a separate statute, *W.Va.Code*, 18A-2-11 [1985] authorizes a maximum award of $1,000.00 in attorney fees for the appellants' circuit court proceedings and $1,000.00 for their appeals to this Court—notwithstanding the fact that *W.Va.Code*, 18-29-8 [1992] authorizes an award of "reasonable" attorney fees—with no attorney fee "cap"—in school employee grievance cases.

## II.

### *Standard of Review*

■ The instant case turns on matters of law that we decide *de novo.* Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

## III.

### *Discussion*

### A.

### *The Tax Employee Case*

■ *W.Va.Code*, 29-6A-10 [1998], which applies to public employee grievances gener-

ally, but not to school board employee grievances, states:

> If an employee appeals to a circuit court an adverse decision of a hearing examiner rendered in a grievance proceeding pursuant to provisions of this article or is required to defend an appeal and the person substantially prevails, the adverse party or parties is liable to the employee, upon final judgment or order, for court costs, and for reasonable attorney's fees, to be set by the court, for representing the employee in all administrative hearings and before the circuit court and the supreme court of appeals, and is further liable to the employee for any court reporter's costs incurred during any administrative hearings or court proceedings: *Provided, That in no event shall such attorney's fees be awarded in excess of a total of one thousand five hundred dollars for the administrative hearings and circuit court proceedings nor an additional one thousand dollars for supreme court proceedings:* Provided, however, That the requirements of this section shall not be construed to limit the employee's right to recover reasonable attorney's fees in a mandamus proceeding brought under section nine of this article.

(Emphasis added.)

The appellants in the tax employee case argue that it is clear from the foregoing statutory language that the statutory caps of $1,500.00/1,000.00 are all-inclusive for all administrative hearings, circuit court, and supreme court proceedings in a grievance case, regardless of the number of employees in the case—that is, the appellants argue that the statutory fee caps apply "per grievance," not "per employee." [1]

These appellants also argue that if the foregoing statutory language is not clear on this issue, and requires any construction, the applicable principle of construction should be that statutes in derogation of the common law should be given a strict and narrow

---

1. *W.Va.Code*, 29-6A-3(e) [1998] provides for the voluntary consolidation of grievances; 29-6A-2(k) [1988] defines "grievant" as "any named employee or group of named employees filing a grievance ..."; 29-6A-2(i) [1988] defines "griev-ance" as "any claim by one or more affected state employees ..."; 29-6A-4 [1998], discussing grievance procedures, consistently uses the singular term "grievant."

construction—and that because West Virginia common law on attorney fees is the "American Rule" (parties are responsible only for their own attorney fees), the fee-shifting statute *W.Va.Code*, 29–6A–10[1998] should be strictly construed against a party claiming a right to receive an award of attorney fees.

Finally, these appellants argue that in grievance cases involving multiple employees, there could be a potential windfall of unreasonably high fees to an attorney who is representing many employees, if the possibility exists that the attorney can receive fees in the amount of $1,500.00/1,000.00 per employee.

Our review of the language of *W.Va.Code*, 29–6A–10 [1998] does not reveal the compelling clarity—in their favor—that is asserted by these appellants. The statute does not authorize an award of attorney fees to a "grievant" (a term that may include multiple employees, *see* note 1.) Rather, in *W.Va. Code*, 29–6A–10 [1998], a fee award is authorized to be made to "*an* employee"—for the work of an attorney representing "*the* employee." (Emphasis added). *W.Va.Code*, 29–6A–10 [1998] further states that the statutory fee caps apply to "*such* attorney fees"; and the modifying term "such" refers directly back to "*an*" or "*the*" individual employee's attorney fees. (Emphasis added.)

Thus, although not a model of clarity or certainty, *W.Va.Code*, 29–6A–10 [1998] can be quite plausibly read to apply the statutory

fee caps to the reasonable attorney fees of *each individual employee* in a multiple-employee grievance proceeding. This construction permits the aggregation of the individual attorney fee limit in multiple-employee grievances, and authorizes the action taken by the circuit court in the instant case, the award of $10,500.00 in attorney fees (7 × $1,500.00).

With respect to the appellants' contention that the circuit court's "per employee" interpretation could mean an undeserved windfall for an attorney—if, for example, a multi-employee grievance case has several hundred employees—we note that *W.Va.Code*, 29–6A–10 [1998] does not automatically authorize an attorney fee award of $1,500.00/1,000.00 to each employee. *W.Va.Code*, 29–6A–10 [1998] clearly states that a total attorney fee award in a multiple-employee grievance fee award still must be justified as "reasonable"—under the standard this Court set out in Syllabus Point 4 of *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156 (1986).[2] There is no dispute as to the reasonableness of the $10,500.00 fee award that was made by the circuit court in the tax employee case.

 Based on the foregoing reasoning, we hold that in a multiple-employee grievance proceeding to which *W.Va.Code*, 29–6A–10 [1998] applies, the statutory attorney fee award limits apply per employee—that is, to the attorney fees of each employee—and not per grievance.[3]

---

**2.** Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Syllabus Point 4, *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156 (1986).

**3.** As to the appellants' argument that such a construction of the statute would contravene the common-law "American Rule" and thus should be disfavored, the short answer to this argument is that in the context of actions against the government by citizens (including public employees) who are successful in using the court system to require public officials to correctly follow the law, West Virginia's common law (and, for that matter, our statutory law) is not unqualifiedly disfavoring of fee awards for prevailing citizens. "No individual citizen ought to bear the legal expense incurred in requiring the government to do its job." *Nelson v. West Virginia Public Employees Ins. Bd.*, 171 W.Va. 445, 451, 300 S.E.2d 86, 92 (1982).

The judgment of the Circuit Court of Kanawha County in Case No. 31859 is therefore affirmed.

## B.

### The School Employee Case

*W.Va.Code,* 18A–2–11 [1985], which applies to school personnel, states:

> If an employee shall appeal to a circuit court an adverse decision of either a county board of education or of a hearing examiner rendered in a grievance or other proceeding pursuant to provisions of chapters eighteen and eighteen-a of this code and such person shall substantially prevail, the adverse party or parties shall be liable to such employee, upon final judgment or order, for court costs, and for reasonable attorney's fees, to be set by the court, for representing such employee in all administrative hearings and before the circuit court and the supreme court of appeals, and shall be further liable to such employee for any court reporter's costs incurred during any such administrative hearings or court proceedings: *Provided, That in no event shall such attorney's fees be awarded in excess of a total of one thousand dollars for the administrative hearings and circuit court proceedings nor an additional one thousand dollars for supreme court proceedings:* Provided, however, That the requirements of this section shall not be construed to limit the school employee's right to recover reasonable attorney's fees in a mandamus proceeding brought under section eight, article four, chapter eighteen-a of this code.

(Emphasis added.)

*W.Va.Code,* 18–29–8 [1992], which applies to school personnel grievances, states:

> Any expenses incurred relative to the grievance procedure at levels one through three shall be borne by the party incurring such expenses except as to the costs of transcriptions as provided for in section six of this article.

> In the event an employee or employer appeals an adverse level four decision to the circuit court or an adverse circuit court decision to the supreme court, and the employee substantially prevails upon such appeal, the employee or the organization representing the employee is entitled to recover court costs and reasonable attorney fees, to be set by the court, from the employer.

*W.Va.Code,* 18A–2–11 [1981] was originally enacted at a time when there was no comprehensive grievance scheme for school board employees. The statute limited attorney fees to $500.00 for circuit court proceedings and $500.00 for appeals to this Court. *Acts of the Legislature* 1981, ch. 95. In 1985, this statute was amended to establish "caps" of $1,000.00 for administrative and circuit court proceedings and $1,000.00 for appeals to this Court. *Acts of the Legislature* 1985, ch. 71.

In 1985, the Legislature also enacted provisions of Chapter 18 that established a four-tier grievance process for school personnel, setting forth a specific right of appeal to the circuit court (and then to this Court) from administrative grievance decisions. *W.Va. Code,* 18–29–1 et seq. *Acts of the Legislature* 1985, ch. 71.

Notably, in 1985 Chapter 18 did not make any provision for awards of attorney fee awards for court appeals, *id.,* *W.Va.Code,* 18–29–8 [1985], thus apparently leaving the provisions of *W.Va.Code,* 18A–2–11 [1985] as solely speaking to such fee awards.

Then, in 1992, the foregoing-quoted statutory language, specifically authorizing awards of "reasonable" (but not "capped") attorney fees in grievance appeals, was added to *W.Va.Code,* 18–29–8 [1992], *Acts of the Legislature* 1992, ch. 62.

At oral argument in the instant case, counsel for the school employee appellants stated—without contradiction by the appellees—that since *W.Va.Code,* 18–29–8 [1992] was enacted, it has been the consistent interpretation of the circuit courts in school board employee grievance cases that the reasonable-but-uncapped fee provisions of *W.Va. Code,* 18–29–8 [1992] are now applicable to such cases—inasmuch as these provisions

were added to the specific chapter that created and contains the new school employee grievance procedure scheme.

■ The school employee appellants' counsel also stated at oral argument (again without contradiction) that the first time the applicability of the fee provisions of *W.Va.Code*, 18–29–8 [1992] was questioned in a circuit court case was after this Court stated in *Wines v. Jefferson County Board of Education*, 213 W.Va. 379, 386, 582 S.E.2d 826, 833 (2003) *(per curiam)*, that "the School Board's violation of Appellant's due process rights entitles her to an award of attorney's fees in the amount of $2,000.00, as authorized by *W.Va.Code*, § 18A–2–11." [4]

■ The general rule for interpreting differing statutory sections is that courts should attempt to harmonize them, if possible. Syllabus Point 9, *Bailey v. Norfolk and Western Railroad Co.*, 206 W.Va. 654, 527 S.E.2d 516 (1999) states:

> A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith.

■ However, "where two distinct statutes stand in *pari materia*, and sections thereof are in irreconcilable conflict, that section must prevail which can properly be con-

sidered as the last expression of the law making power . . . ." *State ex rel. Pinson v. Varney*, 142 W.Va. 105, 109, 96 S.E.2d 72, 74 (1956).

The appellee School Board argues that the earlier-enacted language of *W.Va.Code*, 18A–2–11 [1985] "supplements" the attorney fee language of the later-enacted *W.Va.Code*, 18–29–8 [1992].

It is true that this Court must generally apply, when and where feasible, the principle of the harmonization of statutes—and also the presumption that the Legislature is aware of previously enacted statutes. *Bailey, supra*. But it would strain the meaning of the word "supplement" to apply that term to a situation where purportedly "supplemental" language was enacted seven years *earlier* than the subsequent language that is said to be "supplemented."

■ Furthermore, it is also true—indeed, paramount—that this Court must presume that the Legislature has a new purpose in enacting a new statute. *Id.* In this regard, it appears that the specific addition in 1992 of a reasonable-but-uncapped attorney fee provision to Chapter 18 for court appeals of school personnel grievances would simply have been unnecessary—if the Legislature had intended the attorney fee award limitation provisions of *W.Va Code*, 18A–2–11 [1985] to govern such appeals.

■ Additionally, we are mindful that statutes relating to school employees are generally to be construed in favor of employees, Syllabus Point 1, *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979); and that specific statutes generally prevail over general statutes, *Carvey v. W. Va. State Bd. of Ed.*,

---

**4.** It appears that in the instant case the Harrison County Circuit Court felt that it was bound by the quoted statement from *Wines;* and the Tax Department and Division of Personnel appellees argue that this Court should feel similarly bound. In *Wines*, the issues of the applicability of a statutory cap on attorney's fees, and of a potential conflict between two statutes, were not raised by either party and were not discussed by the Court in its decision or in the partial dissent. The quoted statement from *Wines* was clearly

*dicta*, therefore—and, moreover, was made in a *per curiam* case. *Per curiam* opinions have precedential value as an application of settled principles of law to facts, but this Court will use signed opinions when new principles of law are announced. *Walker v. Doe*, 210 W.Va. 490, 558 S.E.2d 290 (2001). In deciding the legal issues of first impression before the Court in the instant case, the statement from *Wines* has no binding or precedential value under the doctrine of *stare decisis*.

206 W.Va. 720, 731, 527 S.E.2d 831, 842 (1999).

■ Applying the foregoing principles, it simply cannot be reasonably concluded that the Legislature clearly intended the earlier-enacted fee-capping provisions of *W.Va Code*, 18A–2–11 [1985] to trump the specific provisions of the later-enacted, more specific statute, *W.Va.Code*, 18–29–8 [1992]—to the detriment of the interests of school employees who pursue a successful grievance appeal in court.

■ Absent such a conclusion, we are constrained to apply the clear meaning of *W.Va.Code*, 18–29–8 [1992] in the instant case. We therefore hold that in court appeals of grievance proceedings under *W.Va. Code*, 18–29–1 *et seq.*, pursuant to *W.Va. Code*, 18–29–8 [1992] a prevailing employee is entitled to recover reasonable attorney fees and court costs that are not subject to the attorney fee limitation set forth in *W.Va. Code*, 18A–2–11 [1985].[5]

Consequently, the appealed-from orders of the Circuit Court of Harrison County in Cases Nos. 31868 and 31944 regarding attorney fee awards are reversed, and those cases are remanded to that court for further proceedings consistent with this opinion.

Cases Nos. 31868 and 31944 Reversed and Remanded; Case No. 31859 Affirmed.

---

**5.** It is not without significance that after 1992 and prior to *Wines*—according to the statements made at oral argument in the instant case—this holding was the understanding of the Legislative intent adopted by courts and practitioners on both sides of school personnel grievances. This apparent fact supports the conclusion that it is a reasonable construction of the law to find a Legislative intent not to impose attorney fee caps in appeals under *W.Va.Code*, 18–29–1 *et seq.* If we have misread that intent, the Legislature may readily make its different purpose known. Additionally, we note that in the school employee case it has been suggested that there may be a limited class of education employees whose grievances do not fall within the procedures of *W.Va.Code*, 18–29–1 *et seq.*, and who therefore are subject to the statutory cap. Inasmuch as this issue is not presented in the instant case, we do not address it.