FILED
**June 17, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 20-0171 – *C.C. and J.C., as next friends of the minor child M.C. v. Harrison County Board of Education*

Wooton, Justice, concurring, in part, and dissenting, in part:

I join in Justice Hutchison's separate opinion, concurring, in part, and dissenting, in part, in full. However, I am not as sanguine as he that the majority's decision with respect to the cause of action for negligent supervision "has little precedential value beyond unique facts of this case." The majority holds – unequivocally and without reference to any facts, unique or otherwise – that intentional misdoing on the part of an employee, even under circumstances where it was foreseeable to the employer, cannot form the basis of a negligent supervision claim. Every circuit court judge in this State will consider this holding to be binding, notwithstanding that, as Justice Hutchison convincingly demonstrates, *Taylor v. Cabell Huntington Hospital, Inc*., 208 W. Va. 128, 538 S.E.2d 719 (2000) (per curiam) simply does not establish the principle of law that the majority purports to follow.[1] Further, *Taylor*, being a per curiam opinion, "has no binding or precedential value under the doctrine of *stare decisis*." *Stanley v. Dep't of Tax & Revenue*, 217 W. Va. 65, 71 n.4, 614 S.E.2d 712, 718 n.4 (2005).

---

[1] *Taylor* simply applies the well-established principle that absent tortious conduct on the part of an employee that causes harm to another, a claim of negligent supervision fails for lack of causation. The fact that the employee's conduct in *Taylor* was negligent, rather than intentional, was in no way dispositive of the case; rather, what was dispositive was the fact that based pm a;; the evidence presented at trial, the jury found the employee not liable. 208 W. Va. at 134, 538 S.E.2d at 725.

1

I write separately to express my dismay that the majority has taken yet another step toward the imposition of a heightened pleading standard in all civil cases, not just those "where immunities are implicated." *W. Va. State Police, Dep't of Mil. Affs. and Pub. Safety v. J.H.*, __ W. Va. __, __, 856 S.E.2d 679, 695-96 (2021) (citations omitted); *Hutchison v. City of Huntington*, 198 W. Va. 139, 149-50, 479 S.E.2d 649, 659-60 (1996). Rule 8(a) of the West Virginia Rules of Civil Procedure provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." Based on this language, which clearly establishes West Virginia as a notice pleading state,[2] most civil complaints follow a pattern: they set forth a nucleus of operative facts, either known to the pleader or based on information and belief, and then a brief description of the various causes of action which the pleader expects those facts to establish, once supported by proof and together with other facts gleaned during discovery. The complaint in the instant case followed this format, setting forth thirty-eight factual allegations followed by eight causes of action – hardly a skeletal or bare-bones pleading, and more than sufficient to satisfy "the principle that a plaintiff pleading a claim for relief need only give general notice as to the nature of his or her claim." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, __ W. Va. __, __, 854 S.E.2d 870, 883 (2020). Looking at the complaint as an integrated whole, it takes an unforgiving eye – and the application of a heightened pleading standard – for one to conclude that

---

[2] *See*, *e.g.*, *Goldstein v. Peacemaker Props., LLC*, 241 W. Va. 720, 730, 828 S.E.2d 276, 286 (2019).

respondent Harrison County Board of Education was not on fair notice of the petitioners' claims. *See Roth v. DeFeliceCare, Inc.*, 226 W. Va. 214, 220 n.4, 700 S.E.2d 183, 189 n.4 (2010) (under West Virginia law, when measuring the sufficiency of a complaint, "all that is required by a plaintiff is 'fair notice.'") (citation omitted).

In this regard, it cannot be emphasized too strongly that a plaintiff filing suit against a governmental unit or other institutional entity is at a distinct disadvantage, having no access to documentation and other evidence in the possession of the defendant that may be essential in proving his or her case. Consistent with what seems to be a growing trend in this Court's jurisprudence, "[t]he majority's opinion ignores this real-life litigation problem and orders that respondent's complaint be dismissed based on his failure to allege facts to which he simply does not have access at the pleading stage of the case." *W. Va. State Police,* ___ W. Va. at ___, 856 S.E.2d at 703 (Wooton, J., dissenting). Further, although for decades we have applied a liberal standard of review, that a "motion to dismiss for failure to state a claim should be viewed with disfavor and rarely granted," *John W. Lodge Distrib. Co. v. Texaco, Inc.,* 161 W. Va. 603, 245 S.E.2d 157 (1978), the majority seems ready to consign *John W. Lodge* and its progeny to the dustbin of history. *Id*. at 606, 245 S.E.2d at 159.

Simply put, a plaintiff should not be required to plead and prove his case within the four corners of the complaint, which seems to be where this Court is slowly heading – slowly, but picking up steam. It should be the rare case indeed where a complaint is so woefully insufficient that a plaintiff is stripped of an opportunity to do discovery and thereby put some meat on the framework of an initial pleading. Our rules are balanced in such a way as to facilitate a just and fair result: notice pleading and liberal discovery to give plaintiff a chance to prove his or her case, motion for summary judgment to give defendant a chance to avert the expense and inconvenience of trial in a case where the proof just isn't there. Here, however, in parsing words and phrases and seizing upon supposed omissions, the majority seems to be intent on "getting to no" via the express train and thus derailing what appears to be a viable claim for negligent supervision. For these reasons, I concur, in part, and respectfully dissent, in part.