369 S.E.2d 726

**Jane WEIMER–GODWIN**

v.

**The BOARD OF EDUCATION OF the COUNTY OF UPSHUR, A Statutory Corporation.**

**No. 17664.**

Supreme Court of Appeals of West Virginia.

April 22, 1988.

David E. Godwin, Buckhannon, Ross Maruka, Fairmont, for Jane Weimer–Godwin.

Norman T. Farley, Buckhannon, for Bd. of Educ. of Upshur County.

McHUGH, Chief Justice:

This case is before this Court upon the appeal of Jane Weimer–Godwin ("the appellant") from a final order of the Circuit Court of Upshur County, West Virginia ("the circuit court") awarding her less than all of the relief requested in her education employee grievance claim against the Board of Education of the County of Upshur ("the Board"). Having reviewed the petition for appeal, the record and the briefs and oral argument of counsel, we affirm in part, reverse in part and remand with directions.

## I

The material facts are uncontroverted. Since the 1979–80 school year, the appellant has been employed by the Board as an itinerant general music teacher and choral director, serving one elementary school and one intermediate school in Upshur County. The State Board of Education's policy requires both general music and choral music to be available as integral parts of the music curriculum for fifth through eighth grade students.[1] The job description for a music teacher in an elementary or intermediate school in Upshur County prior to the 1985–86 school year expressly stated that the duties of such teacher were to instruct general music and to direct the choral music.[2] At all relevant times there were three full-time and one part-time general music teachers/choral directors in elementary and intermediate schools in Upshur County.

The appellant's duties relating to general music instruction are performed during regular school hours and, like nearly all teachers, involve preparation outside regular school hours to facilitate instruction during regular school hours. The appellant's duties as choral director are also performed both during and outside regular school hours. During regular school hours the appellant as choral director (1) selects and sometimes arranges the choral program music, (2) auditions and selects students for chorus, (3) conducts rehearsals, (4) grades the students and (5) directs a total of two performances each year during the school day. Outside regular school hours the appellant as choral director (1) at times, travels to larger towns outside the county to select choral program music and (2) prepares for and directs a total of two performances each year in the evening, one in the fall and one in the spring.

Upshur County also has itinerant string instrument and band instrument teachers who serve at various elementary and intermediate schools. Their duties are very similar to those listed above for general music teachers/choral directors in elementary and intermediate schools, except that the string instrument and band instrument teachers, unlike the choral directors, do not teach a separate academic subject like general music. The string instrument and band instrument teachers do perform minor repairs on instruments, often outside regular school hours. Also, compared with the general music teachers/choral directors, they serve more schools (five or six, instead of two) and therefore direct more day and evening performances (three or four evening performances, instead of two, each year). On the other hand, compared with the string instrument and band instrument teachers, the general music teachers/choral directors in their capacity as choral directors work with many more students (about 570 compared with about 80 to 140) and with more grade levels (five compared with two to four).

From the school year 1979–80 through the school year 1984–85, the string instrument and band instrument teachers were paid additional compensation in the form of a supplement of $75 per month above the state-minimum salary. For the school year 1985–86, they were paid a supplement of

1. The current State Board of Education policy is Policy No. 2510, effective commencing with the 1984–85 school year. The prior State Board of Education policy required both general music and choral music to be available as parts of the music curriculum for fourth through eighth grade students.

2. Commencing with the 1985–86 school year, the job descriptions for all teachers in Upshur County utilize the same general language.

$100 per month. The Board believed these supplements were authorized by *W.Va. Code,* 18A–4–5 [1969] and its successor, *W.Va.Code,* 18A–4–5a [1984].[3]

Pursuant to *W.Va.Code,* 18–29–1 to 18–29–9, as amended, the appellant filed and pursued an education employee grievance on the ground that she was qualified, under *W.Va.Code,* 18A–4–5 [1969] and *W.Va. Code,* 18A–4–5a [1984], to receive the same amount of salary supplement for the years 1979–80 through 1985–86 as the string instrument and band instrument teachers received during that same period. She claimed she had performed "like assignments and duties" as they.

The appellant's grievance was processed through the various statutory procedural "levels."[4] Eventually her grievance reached the circuit court. It concluded that the overriding issue was whether the appellant performed noninstructional duties outside the scheduled hours of the regular school day, rather than whether she and the string instrument and band instrument teachers performed "like assignments and duties." Finding from the testimony of the county superintendent of schools that the

appellant did perform noninstructional duties outside the scheduled hours of the regular school day (preparation, *outside* regularly scheduled hours, for, and presentation of, *evening* choral performances), the circuit court held that the appellant was qualified to receive additional compensation, for the school year 1985–86, in an amount that the Board upon remand would determine is fair and reasonable under the circumstances. The circuit court also awarded the appellant "reasonable attorney fees as required by law."

## II

The appellant assigns as error the circuit court's remand to the Board for it to determine the amount of salary supplement to be paid to the appellant. The appellant argues that she should receive the same amount of salary supplement as received by the string instrument and band instrument teachers. We agree that under the circumstances of this case the circuit court committed reversible error by remanding for a determination of the amount of salary supplement.[5]

---

3. *W.Va.Code,* 18A–4–5 [1969] and its successor, *W.Va.Code,* 18A–4–5a [1984], are worded identically in pertinent part (except that the bracketed word below is not in the 1969 statute). They provide that county boards of education

> may fix higher salaries for teachers placed in special instructional assignments, for those assigned to or employed for duties other than regular instructional duties ... and [they] may provide additional compensation for any teacher assigned duties in addition to his regular instructional duties wherein such noninstructional duties are not a part of the scheduled hours of the regular school day. Uniformity also shall apply to such additional salary increments or compensation for all persons performing like assignments and duties within the county....

4. For example, the level two grievance evaluator, a designee of the county superintendent of schools, determined that the appellant's duty of directing evening choral performances was similar to the string instrument and band instrument teachers' duty of directing evening instrumental performances, so that she was entitled to additional compensation. The level two grievance evaluator ruled that the appellant was entitled to receive $75 per evening performance, as an "extracurricular assignment," starting with

the 1985–86 school year. The record is silent as to how that amount was determined. The level two grievance evaluator also recommended that all similarly situated teachers in Upshur County performing similar "extracurricular assignments" be compensated for the same and that the provisions of *W.Va.Code,* 18A–4–16 [1982] relating to separate contracts for "extracurricular assignments" be followed in the future. This "extracurricular assignment" issue did not surface again during the grievance process and has not been raised and briefed before us.

The level four hearing examiner for the Education Employees Grievance Board determined that the appellant and the string instrument and band instrument teachers do not perform "like assignments and duties." Accordingly, the hearing examiner held that the appellant was not entitled to any additional compensation.

5. We disagree, however, with the appellant's assertion that she should be paid extra for all choral duties, even those occurring during the regular school day, on the theory that general music instruction, alone, constitutes her regular instructional duty. She was hired to be, and serves as, both a general music teacher and choral director, and general music and choral music are both required to be available as parts of the music curriculum for fifth (previously

The circuit court correctly ruled that the appellant was *qualified* to receive additional compensation because, on the evidence adduced and under *W.Va.Code,* 18A–4–5 [1969] and *W.Va.Code,* 18A–4–5a [1984], *see supra* note 3, she performs certain *non*instructional duties *outside* the scheduled hours of the regular school day. In contrast, under such statutes, additional compensation is *not* authorized for either (1) regular instructional duties, occurring anytime, or (2) noninstructional duties occurring during regular school hours.

■ We note that *W.Va.Code,* 18A–4–5 [1969] and its successor, *W.Va.Code,* 18A–4–5a [1984], provide that county boards of education "may," not "shall," provide additional compensation for teachers under certain circumstances. Thus, contrary to the appellant's assertion, a county board of education is ordinarily not required to provide additional compensation for teachers in the specified circumstances. The word "may" generally should be read as conferring both permission and power, while the word "shall" generally should be read as requiring action. *Manchin v. Browning,* 170 W.Va. 779, 785, 296 S.E.2d 909, 915 (1982). Under *W.Va.Code,* 18A–4–5 [1969] and its successor, *W.Va.Code,* 18A–4–5a [1984], a county board of education is given discretion to pay additional compensation to teachers in certain circumstances. This discretion is subject to a test of reasonableness, and the statute does not allow discrimination among employees in the same class. *See McGrath v. Burkhard,* 131 Cal. App.2d 367, 374, 376, 280 P.2d 864, 869–70 (1955). In a related context this Court, in syllabus point 3 of *State ex rel. Hawkins v. Tyler County Board of Education,* 166 W.Va. 363, 275 S.E.2d 908 (1980), held: "The board of education's power to assign

extracurricular duties to teachers is not unlimited and must be exercised in a reasonable manner. Assignments must be nondiscriminatory, related to a teacher's interest and expertise, and must not require excessive hours beyond the contractual workday."

Under *W.Va.Code,* 18A–4–5 [1969] and its successor, *W.Va.Code,* 18A–4–5a [1984], once a county board of education pays additional compensation to certain teachers, it must pay the same amount of additional compensation to other teachers performing "like assignments and duties[.]" We disagree with the part of the circuit court's final order that the amount of salary supplement must, in this case, be determined by the Board upon remand to it. The circuit court was of the opinion that such a remand was necessary because the appellant and the string instrument and band instrument teachers do not perform "like assignments and duties[.]" The circuit court reached that result by noting, in essence, that the duties of these respective personnel are not identical.[6] This is not the test.

"Like" refers to having a distinctive character, no matter how widely different in nonessentials. *State v. Gaughan,* 55 W.Va. 692, 700, 48 S.E. 210, 213 (1904). "Like" has also been defined as having the same or nearly the same qualities or characteristics; resembling another; or substantially similar. *Black's Law Dictionary* 834 (5th ed. 1979). On this record the appellant and the other general music teachers/choral directors in elementary or intermediate schools in Upshur County perform "like assignments and duties" as the string instrument and band instrument teachers in such schools in the county. From the reci-

---

fourth) graders and above. A choral student receives an instructional grade for chorus which is distinct from his or her instructional grade for general music. Thus, most of the appellant's duties as choral director, as well as her duties as general music teacher, constitute her regular instructional duties.

Under the appellant's theory, any teacher who teaches more than one academic subject would be qualified to receive additional compensation under *W.Va.Code,* 18A–4–5 [1969] or *W.Va. Code,* 18A–4–5a [1984]. These statutes are, how-

ever, clearly not subject-oriented, except for their reference to "special instructional assignments." On this record the duties of a general music teacher/choral director in elementary or intermediate schools clearly constitute "regular," not "special," instructional assignments.

6. Thus, the circuit court believed that the only teachers performing "like assignments and duties" as the appellant were the other general music teachers/choral directors in elementary or intermediate schools in the county.

tation in section I of this opinion of the duties of these personnel, the substantial similarity of such duties is apparent, as is the distinctive character of preparing for and directing program performances.

Having decided to pay a monthly salary supplement to the similarly situated string instrument and band instrument teachers, the Board, under the uniformity provisions of *W. Va. Code*, 18A–4–5 [1969] and *W. Va. Code*, 18A–4–5a [1984], was, contrary to the circuit court's ruling, required to pay the same amount of supplement to the appellant. *Cf. Palos Verdes Faculty Association v. Palos Verdes Peninsula Unified School District*, 21 Cal.3d 650, 661 n. 6, 580 P.2d 1155, 1161 n. 6, 147 Cal. Rptr. 359, 365 n. 6 (1978) (teachers' compensation credit for training and years of experience must be applied uniformly to all teachers in district).

### III

▉ The circuit court also erred by failing to allow the appellant prejudgment interest on back pay for the years 1979–80 through 1985–86. This Court has addressed the recovery of prejudgment interest in civil actions:

> Prejudgment interest accruing on amounts as provided by law prior to July 5, 1981 [*W. Va. Code*, 56–6–27 and –29 [1931]] is to be calculated at a maximum annual rate of six percent under *W. Va. Code*, 47–6–5(a) [1974], and thereafter, at a maximum annual rate of ten percent in accordance with the provisions of *W. Va. Code*, 56–6–31 [1981].

Syl. pt. 7, *Bell v. Inland Mutual Insurance Co.*, 175 W.Va. 165, 332 S.E.2d 127, *appeal dismissed for want of jurisdiction and cert. denied sub nom. Camden Fire*

*Insurance Association v. Justice*, 474 U.S. 936, 106 S. Ct. 199, 88 L.Ed.2d 277 (1985).[7] A governmental entity not immune from liability under *W. Va. Const.* art. VI, § 35 is ordinarily liable in a civil action for prejudgment interest for breach of contract. *See* syl. pt. 1, *Corte Co. v. County Commission*, 171 W.Va. 405, 299 S.E.2d 16 (1982). County boards of education are not entitled to the immunity of the State under *W. Va. Const.* art. VI, § 35 and are not entitled to common law governmental immunity. Syl., *Ohio Valley Contractors v. Board of Education*, 170 W.Va. 240, 293 S.E.2d 437 (1982).

This case raises the question of whether prejudgment interest on back pay is recoverable against a county board of education on an appeal to the courts of an education employee's grievance claim that there has been a misinterpretation of a statute regarding compensation. See *W. Va. Code*, 18–29–2(a) [1985]. In *Orndorff v. West Virginia Department of Health*, 165 W.Va. 1, 9, 267 S.E.2d 430, 434 (1980), the Court held that interest on back pay was not recoverable where back pay is awarded in a reinstatement of a state civil service employee who had been discharged or suspended. The Court reasoned that the employee may not have been entirely without fault in a discharge or suspension case. The Court also distinguished cases under the Federal Fair Labor Standards Act, 29 *U.S.C.* §§ 201–219, as amended, permitting interest on back pay in certain circumstances, as those cases involved "a rather basic issue" of whether the employer violated the statute, and the employee's fault was not at issue in those cases.

We believe the present case is more akin to the Federal Fair Labor Standards Act

---

7. *W. Va. Code*, 56–6–31 [1981] provides in relevant part:

   [I]f the judgment or decree, or any part thereof, is for special damages, as defined below, or for liquidated damages, the amount of such special or liquidated damages shall bear interest from the date the right to bring the same shall have accrued, as determined by the court. [The term 's]pecial damages['] includes lost wages and income, ... The rate of interest shall be ten dollars upon one hundred dollars per annum, ...

*W. Va. Code*, 56–6–27 and –29 [1931] provide for prejudgment interest in an action founded on contract. The true nature of the relief sought here is lost income resulting from breach of the written employment contract, which incorporates various statutory duties imposed upon the Board, including the uniform-pay provisions of *W. Va. Code*, 18A–4–5 [1969] and *W. Va. Code*, 18A–4–5a [1984]. *See* syl. pt. 2, *Maynard v. Board of Education*, 178 W.Va. 53, 357 S.E.2d 246 (1987).

cases than to the state civil service discharge or suspension cases such as *Orndorff.* The present case involves "a rather basic issue" of whether the Board as employer violated the uniform-pay provisions of *W.Va.Code*, 18A–4–5 [1969] and its successor, *W.Va.Code*, 18A–4–5a [1984], and the appellant's fault was not at issue. As noted in *Orndorff*, unless prejudgment interest is received, full reimbursement is not accomplished.

Accordingly, this Court holds that prejudgment interest on back pay is recoverable against a county board of education on appeal to the courts of an education employee's grievance claim that there has been a misinterpretation of a statute regarding compensation.[8]

### IV

■ Finally, the circuit court erred in not setting the amount of reasonable attorney's fees to be recovered by the appellant. *W.Va.Code*, 18A–2–11 [1985] expressly provides for recovery of reasonable attorney's fees, to be set by the court, for representation of an education employee in grievance-claim administrative proceedings and before the circuit court and this Court on appeal therefrom, subject to stated dollar limits.[9]

■ The appellant's husband, an attorney, represented her, gratuitously, of course, in the administrative and circuit court proceedings.[10] An attorney's gratuitous representation of a client does not prevent an award of reasonable attorney's fees. In *Orndorff v. West Virginia Department of Health*, 165 W.Va. 1, 5, 267 S.E.2d 430, 432 (1980), involving state civil service law, the Court observed that other courts have rather uniformly concluded that the award of reasonable attorney's fees is not precluded by the fact that the attorney may not have been actually paid by the litigant, or that the litigant did not obligate himself in advance to pay the attorney fees or that the attorney had donated his services. All that is required is the existence of a relationship of attorney and client, a status which can exist without an agreement for compensation. The Court therefore held in syllabus point 1 of *Orndorff*: "Under the provision for reasonable attorney fees of *W.Va.Code* 29–6–15, a recovery for reasonable attorney fees is not precluded on the basis that the client has not paid or contracted to pay an attorney fee." Similarly, under the provision for recovery of reasonable attorney's fees set forth in *W.Va.Code*, 18A–2–11, as amended, such fees may be recovered even though the client has not paid or contracted to pay such fees.

■ However, before the circuit court can set the amount of reasonable attorney's fees to be recovered by the appellant in this case, her attorneys must submit to the circuit court an itemized attorney-fee bill and develop at a hearing the reasonableness of the same under the factors set forth in syllabus point 4 of *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156 (1986). *See State ex rel. Shaw v. Board of Education*, 178 W.Va. 247, 248, 358 S.E.2d 808, 809–10 (1987).

### V

For the reasons stated in section II of this opinion, we affirm the part of the trial

8. The Board has not at any time raised the issue of whether any part of the claim for back pay was barred by laches.

9. *W.Va.Code*, 18A–2–11 [1985] provides in pertinent part:
   If an employee shall appeal to a circuit court an adverse decision of ... a hearing examiner rendered in a grievance ... proceeding pursuant to provisions of chapter[ ] eighteen ... of this code and such person shall substantially prevail, the adverse party or parties shall be liable to such employee, upon final judgment or order, for court costs, and for reasonable attorney's fees, to be set by the court, for representing such employee in all administrative hearings and before the circuit court and the supreme court of appeals, ... Provided, That in no event shall such attorney's fees be awarded in excess of a total of one thousand dollars for the administrative hearings and circuit court proceedings nor an additional one thousand dollars for supreme court proceedings[.]

10. Another attorney, for a fee, along with the appellant's husband, represent the appellant before this Court.

court's final order limiting the appellant's qualification for additional compensation upon the basis that she performs certain noninstructional duties outside the scheduled hours of the regular school day. On the other hand, for the reasons also stated in section II of this opinion, we reverse the part of the trial court's final order remanding this case to the Board for a determination of the amount of salary supplement to be received by the appellant. The circuit court is, instead, directed to award the appellant back pay at $75 per month (for ten months each school year) for the years 1979–80 through 1984–85 and at $100 per month (for ten months) for the year 1985–86. For the reasons stated in section III of this opinion, the circuit court erred in failing to award prejudgment interest on the back pay to be awarded to the appellant as directed herein. The circuit court is directed to award such interest at a six percent annual rate for the period prior to July 5, 1981, and at a ten percent annual rate for the period commencing with that date. Finally, for the reasons stated in section IV of this opinion, the circuit court erred in failing to set the amount of reasonable attorney's fees. The circuit court is directed to conduct a hearing to determine the amount of reasonable attorney's fees to be recovered by the appellant.

Affirmed in part; reversed in part and remanded.