591 S.E.2d 112

Karen LOCKETT, Petitioner Below, Appellant,

v.

FAYETTE COUNTY BOARD OF EDUCATION, Respondent Below, Appellee.

No. 31316.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 8, 2003.

Decided Oct. 31, 2003.

Dissenting Opinion of Justice McGraw Dec. 16, 2003.

ably would then be entitled to overtime pay therefor. *See generally* W. Va.Code § 18A-4-8a.

McGraw, J., dissented and filed opinion.

James M. Haviland, Crandall, Pyles, haviland & Turner, Charleston, for the Appellant.

Erwin L. Conrad, Conrad & Conrad, Fayetteville, for the Appellee.

PER CURIAM.

Karen Lockett appeals from the June 12, 2002, order of the Circuit Court of Kanawha County affirming the administrative denial of the grievance she filed with the West Virginia Education and State Employees Grievance Board through which she sought credit for her years of work experience outside the classroom for salary purposes. Ms. Lockett is a certified teacher who teaches business education classes at Fayette Plateau Vocational–Technical Center ("Fayette Vocational"). Based on the fact that certain vocational instructors who teach pursuant to a permit are given credit for a portion of their work experience for salary purposes, Ms. Lockett contends she similarly should receive the benefit of her non-teaching related work experience pursuant to the uniformity of pay provisions [1] contained in West Virginia Code § 18A–4–5a (1990) (Repl.Vol.2001). Upon our review of the record in conjunction with the relevant statutes and case law, we find no merit to this assignment of error and accordingly, we affirm.

## I. Factual and Procedural Background

Ms. Lockett was initially hired by the Fayette County Board of Education (the "Board") for the 1986–87 school year as an elementary school teacher. Subsequently, she taught at the middle school level and then transferred to Oak Hill High School in 1988 where she began teaching business-related classes. In 1998, Ms. Lockett transferred to Fayette Vocational to teach business classes on the basis of her professional teaching certification in Business Education/Business Math.[2]

Only four areas of vocational instruction—Agriculture, Business Education, Family and Consumer Science, and Marketing—require a professional teaching certificate that is received pursuant to a four-year college degree.[3] Other areas of vocational education, such as Electronics, Welding, and Carpentry, do not require a professional teaching certificate. Because there are no baccalaureate programs offered in these areas, individuals who are hired to instruct such vocational subjects must possess experience in the specified area and take twenty-one credit hours of college instruction pertaining to teaching methodology. Based on the combination of both work experience[4] and the required amount of pedagogy, an individual who wishes to teach in non-certified areas may receive a vocational permit.[5]

Under the statutory scheme of West Virginia Code § 18A–4–2 (Supp.2003), the teacher pay scale is based upon two factors: years of teaching experience and the level of formal education. To accommodate the fact that a vocational permitted instructor may have neither teaching experience nor a college degree when he or she begins teaching, a portion of the vocational permitted teacher's past work experience that specifically relates to the subject he or she is hired to teach is treated as the equivalent of "teaching experience" solely for purposes of determining salary.

---

1. The uniformity provisions of West Virginia Code § 18A–4–5a, which addresses county salary supplements, mandate that:

   The [county school] board may establish salary schedules which shall be in excess of the state minimums fixed by this article, such county schedules to be uniform throughout the county as to the classification of training, experience, responsibility and other requirements.

   Counties may fix higher salaries for teachers placed in special instructional assignments, for those assigned to or employed for duties other than regular instructional duties, and for teachers of one-teacher schools, . . . . *Uniformity also shall apply to such additional salary increments or compensation for all persons per-*

*forming like assignments and duties within the county.*
W.Va.Code § 18A–4–5a (emphasis supplied).

2. She has a master's degree in vocational education plus an additional 45 hours of higher education.

3. *See* W.Va. R. *Board of Education* 126 § 136 Appendix A (2000).

4. State law controls the amount of years of work experience that are required to obtain a vocational permit. *See* W.Va. R. *Board of Education* 126 § 136–19.

5. *See* W.Va. R. *Board of Education* 126 § 136–19.

Rather than giving such instructors full credit for such years of prior related work experience, however, the vocational permitted instructor is required to "surrender" or give up a specified amount of such years for salary determination purposes. During the time when Ms. Lockett filed the underlying grievance, the number of "surrender" years a vocational permitted instructor hired at Fayette Vocational was required to surrender for pay scale purposes was six.[6] For example, a welder with seventeen years of welding experience, who met all the other conditions of employment as a vocational instructor and was hired by Fayette Vocational in 1998, had to give up, or "surrender," six years of his work experience for purposes of placement on the teacher pay scale.[7] *See* W.Va.Code § 18A–4–2.

Because the Board hired Ms. Lockett to teach Business Education at Fayette Vocational based on her professional teaching certificate, her placement on the salary scale was determined *independent* of any reference to years of working experience outside the teaching field. Instead, it was made based on her specific level of education—a master's degree plus her years of experience in the teaching field.[8] *See* W.Va.Code § 18A–4–2.

Although Ms. Lockett received her position at Fayette Vocational based on her teacher's certificate, she filed a grievance on May 11, 2001, through which she asserted that the Board wrongly failed to give her credit for the seven and a half years that she was employed as a secretary prior to embarking on her teaching career.[9] Her grievance was denied at Levels I and II. She waived her Level III hearing and proceeded to Level IV. *See generally* W.Va.Code § 18–29–4 (1995) (Repl.Vol.2003). Following the Level IV hearing, which was held on October 23, 2001, a decision was issued by the administrative law judge ("ALJ") on December 28, 2001. In that decision, the ALJ denied the grievance and further determined that Ms. Lockett was "not similarly situated to non-certified vocational teachers" and further rejected her contention that permitted vocational teachers "receive a pay supplement [that] she does not." The circuit court similarly denied her grievance, holding that there was no violation of the uniformity in pay requirements set forth in West Virginia Code § 18A–4–5a. Through this appeal, Ms. Lockett seeks a reversal of the lower court's ruling that the Board committed no violation of the uniformity in pay requirements which govern county issued salary supplements. *See id.*

6. In 1974, the Fayette County Board of Education adopted the following policy with regard to payment of vocational permitted instructors:

> — Six years of job related experience is required for State certification. No pay increment will be allowed for this required experience.
> — Job related experience beyond the required 6 years for certification earned prior to employment by the Board up to and including 13 years of experience will be accepted and applied to the county teachers' salary schedule in effect.

7. Solely for informational purposes, we observe that a vocational permitted instructor is treated for salary scale placement as though his required years of work experience plus the 21 hours of required teaching methodology course work is the equivalent of a bachelor's degree. Upon the successful completion of at least 15 additional hours of college class credit, the vocational permitted instructor can, pursuant to the provisions of West Virginia Code § 18A–4–4, advance on the salary scale to the master's degree column for purposes of pay calculations. *See* W.Va.Code § 18A–4–2. As discussed infra, advancement to

the master's degree level for pay purposes upon earning additional college credit was viewed as a necessary mechanism for encouraging vocational permitted teachers to acquire further formal education and thereby achieve salary advancement in return, as do regularly certified teachers.

8. Due to her advanced degree plus her fourteen years of teaching experience at the time she filed the grievance, Ms. Lockett is at the "M.A. + 45" salary level, which refers to her 45 hours of higher education acquired in addition to her master's degree. *See* W.Va.Code § 18A–4–2. Based on the exhibits included as a part of the record of this case, Ms. Lockett was being paid an annual salary of $38,517, which reflected her educational degree plus her additional hours of college credit, as well as her years of teaching experience. Through her grievance, she sought to increase her years of teaching experience to 20+, which would have raised her salary to $41,253.

9. She worked for Chesapeake Telephone Company as a clerk/typist during 1967–1973 and for Long Airdox Company in the same clerical type of position for one and a half years.

## II. Standard of Review

"A final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W.Va.Code, 18–29–1, *et seq.* (1985), and based upon findings of fact, should not be reversed unless clearly wrong." Syl. Pt. 1, *Randolph Co. Bd. of Educ. v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989). As we explained in *Martin v. Randolph County Board of Education,* 195 W.Va. 297, 465 S.E.2d 399 (1995), our review of an administrative grievance is subject to the same statutory bases for review that are set forth in West Virginia Code § 18–29–7 (1985) (Repl.Vol.2003).[10] 195 W.Va. at 304, 465 S.E.2d at 406. Accordingly, we proceed to determine whether the circuit court committed error in affirming the ALJ's decision to deny Appellant's grievance.

## III. Discussion

At the center of Ms. Lockett's argument that the Board violated the uniformity of pay provision of West Virginia Code § 18A–4–5a is her corollary contention that the experience credit that vocational permitted instructors receive for their non-teaching experience is a salary supplement. The pertinent language upon which she relies is: "Counties may fix higher salaries for teachers placed in special instructional assignments.... Uniformity also shall apply to such additional salary increments or compensation for all persons performing like assignments and duties within the county." W.Va. Code § 18A–4–5a. Maintaining that placement as a vocational instructor is necessarily a "special instructional assignment"[11] and assuming that the years of experience credit that vocational permitted instructors are allowed for purposes of placement on the salary scale[12] is a salary supplement, Ms. Lockett reasons that she is entitled to a similar salary supplement for her years of experience as a secretary because she performs "like assignments and duties" as compared to vocational permitted instructors.[13] *Id.* This circular reasoning does not withstand scrutiny.

Even if an assignment as a vocational instructor qualifies as a "special instructional assignment,"[14] there is absolutely no basis for Ms. Lockett's assertion that the years of experience credit that is utilized in placing a vocational permitted instructor on the salary schedule set forth in West Virginia Code § 18A–4–2 is a salary supplement. This Court explained in *Robbins v. McDowell County Board of Education,* 186 W.Va. 141, 411 S.E.2d 466 (1991), that "the salary supplement is a specific amount for the special work undertaken *without reference to classification of training or experience.*" *Id.* at 145, 411 S.E.2d at 470 (emphasis supplied). At issue in *Robbins* was the application of the uniformity of pay provisions of West Virginia Code § 18A–4–5a with regard to vocational instructors who were "grandfa-

---

10. Under West Virginia Code § 18–29–7, the necessary grounds for reversal of an ALJ's decision exist when it is determined that the ruling: (1) was contrary to law or lawfully adopted rule, regulation or written policy of the chief administrator or governing board, (2) exceeded the hearing examiner's statutory authority, (3) was the result of fraud or deceit, (4) was clearly wrong in view of the reliable, probative and substantial evidence on the whole record, or (5) was arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

11. She relies on dicta from our opinion in *Robbins v. McDowell County Board of Education,* 186 W.Va. 141, 411 S.E.2d 466 (1991), in which this Court opined that "[i]t seems apparent that [teachers at McDowell County's Vo-Tech Center] ... [are] teachers placed in special instructional assignments." *Id.* at 145, 411 S.E.2d at 470.

12. *See* West Virginia Code § 18A–4–2.

13. The fallacy of this argument is further demonstrated by the fact that no uniformity could ever result with regard to a salary supplement that was tied to an individual instructor's specific years of work-related experience. Since an individual's years of non-teaching work experience would necessarily vary, the uniformity of "salary increments or compensation" that is mandated by West Virginia Code § 18A–4–5a could never occur upon application of the argument advanced by Ms. Lockett. *This impossibility of* uniformity lends further support to the conclusion that no salary supplement is involved in this case. *Cf. Robbins,* 186 W.Va. at 143, 411 S.E.2d at 468 (discussing how vocational teachers were receiving salary supplements where they were uniformly "advanced three steps or experience increments, up the pay scale").

14. *See supra* note 11.

thered" in when the McDowell County Board of Education decided to stop paying a salary supplement to vocational educational teachers hired after 1984, but allowed "[t]eachers who had previously received the three-year experience increment ... to keep it." 186 W.Va. at 143, 411 S.E.2d at 468. The factual underpinnings of *Robbins* began with the board of education's recognition in 1974 of a

> need to attract skilled workers, such as welders, from private industry to teach at McDowell County's vocational education school ..., the Board established a policy of paying qualified teachers at the Vo–Tech Center as if they had three additional years of teaching experience. As a result, teachers at the Vo–Tech Center were advanced three steps, or experience increments, up the pay scale ahead of equally educated and experienced teachers in other schools in the county.

*Ibid.* Citing the uniformity provision of West Virginia Code § 18A–4–5a expressly applicable to salary supplements, we held in *Robbins* that once the board of education decided to stop paying across-the-board salary supplements to newly hired vocational instructors, they similarly had to cease paying the "grandfathered" teachers this three-step pay supplement. 186 W.Va. at 146–47, 411 S.E.2d at 471–72.

Unlike the case before us, the salaries of the vocational teachers at issue in *Robbins* were being increased or supplemented "without reference to classification of training or experience," solely for the purpose of attracting qualified individuals to teach. *Id.* at 145, 411 S.E.2d at 470. In this case, as both the ALJ and the circuit court found, no salary supplement is being paid to the instructors at Fayette Vocational. What Ms. Lockett characterizes as a salary supplement is nothing more than the method by which non-certified vocational instructors are placed on the salary schedule that is used for determining their pay. *See* W.Va.Code § 18A–4–2. Critically, the Board's placement of vocational permitted instructors on the salary schedule by reference to their applicable years of non-

teaching experience (because they have no teaching experience when they are hired), does not translate into the Board's granting of a salary supplement to these teachers. Rather, the utilization of such work experience in relation to vocational permitted instructors, whose non-teaching experience is an integral component of their qualification to teach, reflects recognition of the correlative value of such experience to classroom instruction.[15]

In making her assertion that the Board has violated the uniformity in pay provision pertaining to salary supplements among "persons performing like assignments and duties," Ms. Lockett overlooks certain fundamental distinctions that pertain to the setting of salaries for individuals, such as herself, who obtained their vocational instructional assignment based on their professional teacher's certificate and those other individuals who had to meet the requirements established for issuance of a vocational permit to qualify for their position. W.Va.Code § 18A–4–5a; *see generally* W.Va. R. *Board of Education* 126 § 136–119. Ms. Lockett suggests that the Legislature intended that all vocational instructors, whether they teach pursuant to a professional teacher's certificate or a vocational permit, must be treated in similar fashion for purposes of pay because they all teach in the vocational area. This assertion suggests a misapprehension of how the uniformity in pay provisions separately apply to salary supplements and to placement on the salary schedule in general. *Cf.* W.Va.Code § 18A–4–5a to 18A–4–2.

Contrary to the arguments raised by Ms. Lockett, the intention of the Legislature to treat non-certified vocational instructors in a manner different than certified vocational instructors is clear from the enactment of West Virginia Code § 18A–4–4. Pursuant to that provision, non-certified vocational instructors receive favorable placement on the teacher salary schedule set forth in West Virginia Code § 18A–4–2 in connection with a minimal amount of college credit. For the

---

**15.** We further note that the Legislature's decision to use a unitary salary schedule for the payment of all teachers—a schedule in which pay is determined in terms of teaching experience and for-

mal education—impels the Board's inclusion of work experience pertaining to the area in which the vocational permitted instructor is hired to teach in calculating such instructor's salary.

most part, the teacher salary schedule is expressly linked to the procurement of baccalaureate, master's, and doctoral degrees. In obvious recognition of the fact that a vocational instructor may not have a college degree when he or she begins their respective vocational assignment, the Legislature created a mechanism through West Virginia Code § 18A–4–4 whereby a qualifying vocational permitted instructor[16] is treated for salary purposes as if he or she has attained a master's degree upon the accumulation of at least 15 additional semester hours of accredited college hours following the issuance of a vocational permit. *See* W.Va.Code § 18A–4–4. In so doing, the Legislature placed an inherent value on the work experience that such vocational instructors accumulate prior to their teaching assignments and further recognized that certain types of experience necessary for specialized teaching assignments, such as vocational education, cannot be gained through the classroom alone. In short, the enactment of West Virginia Code § 18A–4–4 attests to the permissibility of treating vocational permitted instructors in a manner different from vocational teachers who instruct pursuant to a professional certificate.

■ We made clear in syllabus point one of *Robbins* that

"[u]nder ... *W.Va.Code,* 18A–4–5a ..., once a county board of education pays additional compensation to certain teachers, it must pay the same amount of additional compensation to other teachers performing 'like assignments and duties[.]' " Syllabus Point 1, in part, *Weimer–Godwin v. Board of Education,* 179 W.Va. 423, 369 S.E.2d 726 (1988).

Contrary to the assertions of Ms. Lockett, the *Robbins* holding does not come into play in this case. Her argument that vocational permitted teachers are receiving additional pay based on their non-teaching work experience is simply untenable. Rather than receiving an additional amount of pay that is correlated to their work experience, such experience, minus the applicable "surrender" years, is used to determine where these employees fit into the unitary pay schedule set forth in West Virginia Code § 18A–4–2.

In ruling on this issue, the circuit court recognized that Ms.

Lockett unsuccessfully attempts to compare apples and oranges. That is, her arguments ignore the fact that there are two categories of vocational teachers— those who must have a professional teaching certificate and those who teach subjects for which no such professional certificate would be available because the subject matter is skills-related or trades-related. In other words, a prospective teacher could not have obtained a college degree in subjects such as welding or masonry. Hence, the use of the vocational permit. The Board, of necessity, had to develop a mechanism for ascertaining where teachers with such permits would fall on the salary scale. To this end, the Board used the permitted teacher's years of experience minus a certain number of years. By contrast, professional certificated teachers, such as Lockett, are placed on the salary scale in accordance with their years of teaching experience and their educational status.

This process does not violate the uniform pay requirements of West Virginia Code section 18A–4–5a. To the contrary, it comports with the permissive provisions that allow a county to exceed the state-mandated minimum pay scale but only if the county's pay scale is uniform taking into account "the classification of training, experience ... and other requirements." In this case, there are differences in the classification of training between Lockett and her colleagues who work under a vocational permit.

The Grievance Board correctly noted these distinctions and correctly concluded that [Ms.] Lockett had failed to prove that vocational permit teachers receive an addi-

---

**16.** The statute applies to "any vocational industrial, technical, occupational home economics, or health occupations teacher who is required to hold a vocational certificate and is paid a salary equivalent to the amount prescribed for 'A.B. + 15' training classification in the state minimum salary schedule for teachers under section two [§ 18A–4–2] of this article...." W.Va.Code § 18A–4–4.

tional salary supplement based on years of experience in the skill or trade they teach. Rather, the years of experience (minus a given number) *determines placement on the pay scale. It is not a supplement thereto.* (emphasis supplied)

In concluding that Ms. Lockett's position was "untenable," the circuit court observed that "no other vocational teacher has ever received such double credit." The record supports this finding. Ms. Lockett suggested during oral argument that one individual who is a masonry instructor at Fayette Vocational—Mr. Frank Aylor—presented the unique situation where the Board had given a vocational certified instructor credit for prior work experience. This assertion is not accurate. Mr. Aylor, who had a professional teacher's certificate in the area of physical education, applied for a teaching assignment in masonry. Because masonry is one of those vocational areas for which there is no college degree, Mr. Aylor could only obtain the instructional position by means of a vocational permit which is based, in part, on years of working experience.[17] At the time Mr. Aylor applied for the masonry position, he apparently already had twenty years of actual teaching experience. Mr. Aylor would have lost credit for pay scale purposes for that twenty years of teaching experience when he accepted the vocational masonry position were it not for the fact that the Legislature foresaw such a situation and specifically chose not to discourage certified teachers from taking vocational permitted positions. Based on the last sentence of West Virginia Code § 18A-4-4, which expressly prohibits a board of education from reducing the salary of a teacher holding a valid professional certificate who is reassigned out of the teacher's field,[18] Mr. Aylor did not lose the years of teaching experience he had accumulated before deciding to accept the masonry position. Pursuant to this legislative directive, a vocational certified instructor is credited for the number of teaching

"experience" years solely to prevent his or her salary from being reduced from what it was when he or she taught pursuant to a teacher's certificate. Thus, the Board's use of Mr. Aylor's accumulated years of experience as a teacher for purposes of permitting him to stay at the same salary level which he was receiving prior to accepting the vocational assignment does not support Ms. Lockett's position that vocational certified instructors are receiving credit for non-teaching related experience.

▌ Simply put, uniformity of pay within the meaning of the provision of West Virginia Code § 18A-4-5a that pertains to salary supplements does not require uniformity of pay with regard to the setting of vocational teacher's salaries in general. Separate uniformity of pay provisions are set forth in West Virginia Code § 18A-4-5a that require county pay schedules to be uniform "as to the classification of training, experience, responsibility and other requirements." W.Va. Code § 18A-4-5a. If anything, this case aptly demonstrates the uniformity that is required by this statutory provision as vocational certified instructors do not receive an experience credit for non-teaching work experience and permitted instructors do, for the reasons discussed above. Because there is no salary supplement at issue in this case, there is consequently no violation of the uniformity in pay provisions that pertain to such salary supplements. *See id.*

Based on the foregoing, the decision of the Circuit Court of Kanawha County is hereby affirmed.

Affirmed.

Justice McGRAW dissents and reserves the right to file a dissenting opinion.

McGRAW, J., dissenting.

(Filed Dec. 16, 2003)

I respectfully dissent from the majority's decision in this case. Appellant has a mas-

---

17. Under the applicable state regulations, a vocational masonry instructor has to have four years of experience as a mason to qualify for a vocational permit. *See* W.Va. R. *Board of Education* 126 § 136–19.1.4(a)(A).

18. That proviso states: "No teacher holding a valid professional certificate shall incur a salary reduction resulting from assignment out of the teacher's field by the superintendent, with the approval of the county board, under any authorization or regulation of the state board." W.Va. Code § 18A-4-4.

ter's degree in business education and seven years of prior (non-teaching) business-related work experience. Like the vocational permit teachers with whom she works, she should receive credit for her prior work experience under the uniformity provisions of *W.Va. Code* § 18A–4–5a, and prior Grievance Board decisions. *See Miller v. Ohio County Bd. of Educ.,* Docket No. 15–88–013–3 (May 13, 1988) and *Steele v. Wayne County Bd. of Educ.,* Docket No. 50–87–062–1 (Sept. 29, 1987).

Accordingly, I respectfully dissent.