# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Daphne Lemasters,**
**Respondent Below, Petitioner**

**vs) No. 15-0339** (Kanawha County 14-AA-106)

**Jackson County Board of Education,**
**Petitioner Below, Respondent**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Daphne Lemasters, by counsel Andrew J. Katz, appeals the Circuit Court of Kanawha County's March 16, 2015, order reversing the West Virginia Public Employees Grievance Board's ("WVPEGB") decision that granted her grievance. Respondent Jackson County Board of Education ("JCBE"), by counsel Howard Seufer, filed a response in support of the circuit court's order and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in reversing the administrative law judge's ("ALJ") decision and in relying on *Weimer-Godwin v. the Board of Education of Upshur County*, 179 W.Va. 423, 369 S.E.2d 726 (1988) to support its contention that a school board can assign teachers work beyond their regular work day, without compensation or an agreement.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2012, an employee filed a prior, separate grievance that did not involve petitioner, concerning an alleged imbalance in the assignment of supervising and monitoring students as they embarked and disembarked buses, commonly referred to as "bus duty." In response to the grievance, the JCBE developed a revised bus duty schedule which went into effect in November of 2012. During the 2013-2014 school year, petitioner was employed by respondent as a kindergarten teacher at Gilmore Elementary School ("Gilmore"). Generally, teachers at Gilmore reported to work at 7:45 a.m. and remained until 3:45 p.m. All teachers at Gilmore shared morning and evening bus duty assignments on a rotating basis. Morning bus duty consisted of supervising and monitoring students as they disembarked from buses at Gilmore and evening bus duty consisted of supervising and monitoring students as they boarded buses to return home. Gilmore teachers assigned to morning bus duty reported for duty at 7:15 a.m. and teachers assigned to afternoon bus duty were required to remain on duty until 3:55 p.m. Petitioner completed an employee time report for each day she performed morning or afternoon bus duty during the 2013-2014 school year at Gilmore.

1

In October of 2013, petitioner filed a Level One Grievance against respondent contesting the bus duty requirement and requesting overtime, in the form of back pay with interest, for each of the days she performed bus duty. She also requested that she not be required to perform bus duty unless she voluntarily elects to do so by extracurricular contract. The JCBE superintendent denied the grievance by written decision dated September 30, 2013. In December of 2013, petitioner filed a Level Two Grievance and requested mediation. The parties' mediation was unsuccessful. In March of 2014, petitioner filed a Level Three Grievance and requested a hearing contesting the JCBE superintendent's decision that bus duty is a part of a JCBE teacher's regular work day. Ultimately, the ALJ decided in favor of petitioner, determining that teachers were not required to perform bus duty unless they agreed to do so voluntarily and were compensated with overtime payments.

In March of 2015, respondent appealed the ALJ's decision to the Circuit Court of Kanawha County. Following a review of the petition, briefs, and the entire record, the circuit court reversed the ALJ's decision by order entered on March 16, 2015. The circuit court ruled that, pursuant to this Court's prior holdings and West Virginia Code § 18A-4-16(1), petitioner's bus duty did not qualify as an "extracurricular activity." It is from this order that petitioner now appeals.

We have previously established the following standard of review:

"Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syllabus Point 1, *Cahill v. Mercer County Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

Syl. Pt. 1, *Darby v. Kanawha Cty. Bd. of Educ.*, 227 W.Va. 525, 711 S.E.2d 595 (2011). Upon review of the record submitted on appeal, we find no error in the circuit court's decision below.

On appeal, petitioner argues, as she did below, that performing bus duty during the 2013-2014 school year constituted forced extracurricular work, for which the requirements of West Virginia Code § 18A-4-16(1) were not met and she was not compensated. Petitioner contends that the ALJ correctly determined that "bus duty" meets the statutory definition of extracurricular duties and awarded her back pay and interest for the performance of said duties. Petitioner also argues that the circuit court misconstrued this Court's prior holding in *Weimer-Godwin v. Bd. of Educ. of Upshur Cty.*, 179 W.Va. 423, 369 S.E.2d 726 (1988) and essentially "amended" West Virginia Code § 18A-4-16 by limiting its reach. Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find that the circuit court did not abuse its discretion in reversing the ALJ's ruling below.

Petitioner argues that the circuit court wrongly relied on *Weimer-Godwin* to support its contention that respondent can assign teachers work beyond their regular work day. We disagree. Petitioner attempts to dismiss *Weimer-Godwin*'s applicability by arguing that the issue in *Weimer-Godwin* was whether the grievant was unlawfully discriminated against and incorrectly reclassify her bus duty as an extracurricular activity, thereby triggering the requirements of West Virginia Code § 18A-4-16(1). However, unlawful discrimination was just one consideration in the decision and this Court also determined that a board of education must only pay additional compensation for non-instructional duties performed outside of the normal school day. The thrust of our analysis in *Weimer-Godwin*, as the circuit court correctly held, is its application of West Virginia Code § 18A-4-5a. As we held in *Weimer-Godwin*, if respondent finds that petitioner's bus duty assignment falls outside of the regular school day, it *may* pay additional compensation (emphasis added). This holding directly applies to petitioner's case. It is clear from the record that respondent established that it would not provide extra compensation for the performance of bus duty. As such, we find that the circuit court did not abuse its discretion in reversing the ALJ's ruling below.

Our review of the record supports the circuit court's decision to reverse the ALJ's ruling based upon the specific findings, its reliance on *Weimer-Godwin*, petitioner's arguments, and respondent's arguments which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised by petitioner on appeal. Given our conclusion that the circuit court's order and the record before us reflect no error, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's March 16, 2015, "Final Order" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Margaret L. Workman